## 8019

### MILLER v. HAMILTON BROWN SHOE CO.

1. EVIDENCE—SPECIFIC ACT—SLANDER.—The rule that specific acts of past conduct occurring at a different time similar to that alleged in a charge of slander are not admissible, does not exclude evidence of other specific acts which may be reasonably considered so closely connected in sequence with the alleged slanderous charge as to throw light on the inquiry. But here evidence as to past acts is competent under the allegations.

2. IBID.—SLANDER.—The testimony of a third party that he had expressed an opinion to defendant in a slander case that the alleged slanderous statement was true is admissible in mitigation of damages. Could such witness testify to acts of which he had heard?

3. OPINION EVIDENCE.—A nonprofessional witness who has had occasion to observe persons under the influence of drugs may give his opinion as to whether a person at a particular time was under the influence of a drug.

Before WILSON, J., Abbeville, October term, 1910. Affirmed.

Action by J. C. Miller against Hamilton Brown Shoe Co. Plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant. *Evidence as to previous acts inadmissible:* 1 N. & McC. 270; 2 Id. 511; 2 Bail. 115; 25 Cyc. 513, 516; 82 Ind. 554; 32 Cen. Dig., secs. 307-8, title Libel and Slander; 3 Hill 175; 28 S. E. 655. *Opinion on question in issue is incompetent:* Green. on Ev., sec. 440; 59 S. C. 318; 32 S. C. 400; 59 S. C. 318.

*Mr. Wm. P. Green,* contra, cites: *Opinion of others expressed to defendant is competent:* 10 Rich. 414. *Opinion of witness that plaintiff was under influence of drug is competent:* 19 S. C. 68; 46 N. E. 623; 94 N. W. 938; 46 N. E. 613; 47 Ia. 17; 68 N. E. 289; 51 N. E. 447; 47 N W. 568; Wig. on Ev., sec. 1974.

October 25, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action of slander the verdict was for the defendant and the plaintiff appeals, assigning error in the admission of testimony offered by the defendant.

The uncontroverted facts as they appear from the record are as follows: The plaintiff was a traveling salesman for the defendant, a corporation doing a wholesale shoe business in St. Louis, Mo. On and immediately after July 19, 1909, the plaintiff was in St. Louis to obtain his samples for use in soliciting business. John E. Ritchey, the agent of the defendant, through whom it dealt with its salesmen, charged the plaintiff in the presence of other employees with being "doped" or under the influence of "dope," and refused to allow him to take samples. After the plaintiff had returned to his home in Abbeville, S. C., the same agent of the defendant wrote a letter to the plaintiff, and addressed it to him, reiterating the charge by saying, "You cannot make me believe anything different from what I told you last Tuesday." This letter was opened by plaintiff's wife; and the defendant afterwards sent a copy of it to Mr. T. Coleman. The plaintiff did not deny that he was in a very bad condition when he was in St. Louis, but alleged that his condition was due to an attack of paralysis, and was not caused by "dope," or the use of drugs.

The issues in the case were: first, was the charge made by the defendant false? second, was it a privileged communication made to employees in the regular course of busi-

ness? and third, if false, was the charge maliciously made? On the last issue it is manifest that the defendant had a right to prove any facts tending to show that other reasonable men in the situation of its agent would have drawn the inference that the plaintiff had, by the use of drugs, rendered himself unfit to be entrusted with important business.

The first error assigned is the admission of the testimony of T. G. Patterson that he saw the plaintiff at the Central Hotel at Florence, S. C., very drunk on June 13, 1909, and of V. O. Willis that he was in the same condition at the same place from the fifteenth to the seventeenth of June, 1909, when he last saw him. It is true, as argued by plaintiff's counsel, that the rule is against allowing proof of specific acts of past conduct, occurring at a different time, similar to that mentioned in the alleged slanderous charges; but the rule does not extend to the exclusion of testimony as to other specific acts which may be reasonably considered so closely connected in sequence with the alleged slanderous charge as to throw light on the inquiry as to its truth or falsity. According to the evidence of these witnesses, the plaintiff was in a state of gross intoxication from June 13th to June 17th, 1909. The evidence does not disclose how long this condition continued, but there was no abatement when Mr. Willis left him on June 17th. The knowledge is common to all men that the use of drugs, popularly known as "dope," is very commonly resorted to after periods of extreme intoxication. In view of this fact we do not think there ought to be any doubt that the evidence was competent on the sharp issue whether the sad condition in which the plaintiff appeared about a month later at defendant's store in St. Louis was due to "dope" or an attack of paralysis.

But aside from that consideration, the testimony was competent as bearing directly on one of the charges of the complaint. The letter written by defendant alleged to be

slanderous contained this statement: "I give you an oppor-
tunity to make good and at the time your best ability was
required you· laid down on us." Evidence of the total
incapacity of the plaintiff to attend to the business of the
defendant because of drunkenness, was competent as tend-
ing to show that the charge in the letter was well founded
and not malicious.

The case of *Galloway* v.. *Courtney*, 10 Rich. L. 414, is
conclusive that there was no error in admitting the statement
of the witness Galloway that he expressed to Ritchey the
opinion that the plaintiff had been taking some kind
of opiate. According to that case such testimony
is admissible in mitigation of damages as tending to
show that the charge was not made maliciously without any
foundation whatever.

Plaintiff's counsel asked R. Galloway, a witness on behalf
of the defendant, whose testimony was taken *de bene esse*,
"What was Miller's general reputation among traveling
men, prior to this charge made against him, made in St.
Louis by Ritchey and others?" The witness answered: "I
never heard anything against Mr. Miller until the early part
of this year, when I received a letter from Mr. Lee Willis,
of Charlotte, N. C., in which he mentioned that Mr. Miller
had been on a spree for several days in Florence, S. C. I
have since heard of his drinking at other times. I have
seen very little of Mr. Miller myself, but I have heard that as
a rule he was popular among the traveling men." We do
not think the point that this testimony was incompetent was
made available by proper objection. In reading this answer
plaintiff's counsel said: "I object to his answer there on the
ground of specific instances that he had heard he was drink-
ing at other times. I object to that, but read it, because,
under your Honor's ruling, I suppose it would go in any-
way." The presiding Judge was not called on to pass on
the admissibility of the testimony, and we are unable to find

that in ruling on any other objection, he had decided that a witness not representing the defendant in the charge made against the plaintiff could testify to having heard of specific instances of intemperance by the plaintiff.

The remaining exceptions allege error in the admission of the testimony of a number of witnesses who saw the plaintiff in St. Louis that in their opinion he was under the influence of a drug. Before giving this opinion every one of these witnesses testified that he had seen persons under the influence of drugs, and was familiar with their effects. The testimony was clearly admissible. The recognized rule is thus well stated in *Hardy* v. *Merrill,* 56 N. H. 227, 22 Am. Rep. 449, cited with approval in *Jones* v. *Fuller,* 19 S. C. 66: "Courts and text writers all agree that, upon questions of science and skill, opinions may be received from persons specially instructed by study and experience in the particular art or mystery to which the investigation relates. But without reference to any recognized rule or principle, all concede the admissibility of the opinions of nonprofessional men upon a great variety of unscientific questions arising every day, and in every judicial inquiry. These are questions of identity, handwriting, quantity, value, weight, measure, time, distance, velocity, form, size, age, strength, heat, cold, sickness and health; questions also concerning various mental and moral aspects of humanity, such as disposition and temper, anger, fear, excitement, intoxication, veracity, general character, and particular phases of character, and other conditions and things, both moral and physical, too numerous to mention." That the opinion of a witness as to whether a person under his observation was drunk or sober is admissible will hardly be doubted. On the same principle a witness who has observed some of the numerous victims of the drug habit may express his conclusion, based on observation, that the condition of a certain person was due to the influence of a

drug. Wigmore on Evidence, sec. 1974; Elliott on Evidence, sec. 676; *Burt* v. *Burt,* 168 Mass. 204, 46 N. E. 623.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.