## Commonwealth *v.* Saab Appellant.

*Criminal law—Selling liquor without a license—Husband and
wife—Partners in business—Conviction of wife.*

On the trial of an indictment against a husband and wife for
selling liquor without a license a verdict of guilty against the
wife will be sustained where the evidence showed that the defend-
ants were engaged in carrying on a grocery and confectionary
business, which the wife had conducted for nearly 20 years before
she married her husband; that the business had been carried on
together after their marriage and that in the course of such busi-
ness they sold a compound called Jamaica ginger containing 89
per cent alcohol, and where the presumption that the wife acted
under the compulsion of her husband was clearly rebutted by the
evidence of ownership and the manner in which the business was
carried on.

Argued October 11, 1920. Appeal, No. 74, April T.,
1921, by defendant, from sentence of Q. S. of Fayette
County, June Sessions, 1920, No. 59, in the case of Com-

386, (1921).] Statement of Facts—Opinion of the Court.
monwealth of Pennsylvania v. Mary Saab.  Before OR-
LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEL-
LER and LINN, JJ.  Affirmed.

Indictment for selling liquor without a license.  Be-
fore REPPERT, J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty on which judgment of sentence was
passed.  Defendant appealed.

*Assignments of error* were various rulings on evidence,
charge of the court and refusal to quash the indictment.

*A. E. Jones* and *George Patterson,* for appellant.

*William A. Miller,* District Attorney, for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defendant was indicted with Mike Mondalek for
selling liquor without license.  In an opinion now filed,
we have dismissed the exceptions in the appeal of Mike
Mondalek and affirmed the judgment.  All of the ques-
tions raised by the appellant are disposed of in that
opinion except that in the sixth assignment in which
exception is taken to the refusal of the court to
affirm the defendant's point that under all the evidence
the defendant, Mary Mondalek, alias Mary Saab, "she
being the wife of Mike Mondalek, on the charge of mis-
demeanor under the evidence cannot be convicted."  The
evidence shows that the defendants were engaged in
carrying on a grocery and confectionery business.  This
appellant had conducted the business for nearly twenty
years when she married Mike Mondalek a few months
before the sales out of which the prosecution arose.
After the marriage she and Mondalek carried on the
business together.  They sold Jamaica ginger and
sales were made by a clerk in the store in the pres-

ence of the appellant.  The presumption that the wife acted under the compulsion of her husband was sufficiently rebutted by the evidence of ownership and the manner in which the business was carried on.  Sales by the clerk would be attributable to the appellant as well as to her husband as owners of the business, and the appellant made many sales on her own initiative so far as one may judge from the testimony.  The question was one for the jury under any view of the case, and the court would have erred in giving binding instructions on that point.  All of the assignments have been considered and are overruled.  The judgment is affirmed, and the record remitted to the court below.  And it is ordered that the defendant appear in that court at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.