# Commonwealth v. Finch, Appellant.

*Criminal law—Selling liquor without a license—Evidence.*

In an indictment for selling liquor without a license and having unlawful possession of intoxicating liquors for beverage purposes, the Commonwealth need not set forth that such liquor was not intended solely for the consumption of the defendant and his family or bona fide guests. Nor was it incumbent upon the Commonwealth to prove affirmatively that such liquors were not so intended for the personal consumption of the defendant and his guests. If the defendant desired to set up such a defense he had to support it by proper proof and evidence at the trial.

In a prosecution for selling liquor without a license it was proper to admit in evidence the liquors seized in the home of the defendant at the time of his arrest on warrant, and testimony as to their alcoholic content.

It was not in violation of the provision against unreasonable searches and seizures, guaranteed by the Constitution of Pennsylvania, to discover and seize, at the time of the defendant's arrest on warrant, any evidence or fruits of the crime for which he had been arrested, found upon him or on premises occupied by him.

In such prosecution it was not error to admit evidence of sales made by the defendant's wife in his absence, there being testimony of other sales by the defendant himself, and by his wife in his presence, such as to justify the inference that she was acting as his agent in respect to the sales made by her while he was away, and that they were attributable to him.

Argued November 22, 1922.   Appeal, No. 99, Oct. T., 1922, by defendant, from judgment and sentence of Q. S. Bradford County, Dec. Sessions, 1921, No. 17, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Leon Finch.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for selling liquor without a license and having unlawful possession of intoxicating liquors for beverage purposes.  Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*William P. Wilson,* and with him *J. Roy Lilley,* for appellant.

. . *William G. Schrier,* for appellee.

OPINION BY KELLER, J., March 2, 1923:

The indictment against the defendant contained two counts.  The first charged him with selling spirituous, vinous, malt and brewed liquors, etc., without a license; the second, with the unlawful possession of intoxicating liquors for beverage purposes.  He was convicted and sentenced on both counts.  The assignments of error may be considered under six heads: (1) Since the argument, the constitutionality of the Woner Act (Act of May 5, 1921, P. L. 407) has been upheld by the Supreme Court, Com. v. Alderman, 275 Pa. 483.  (2) The second count of the indictment was not defective because it did not allege that the intoxicating liquors possessed by defendant were not for use only for the personal consumption of the owner thereof in his private dwelling and of his family residing in such dwelling and of his bona fide guests when entertained by him therein.  The 22d section of the act provides that possession of intoxicating liquors for such consumption only shall not be unlawful, but that is a matter of defense, to be shown by the accused.  The count is based on the 20th section of the act, and the ingredients constituting the offense charged can be accu-

rately and clearly defined without any reference to the exception. It was never held necessary, in a prosecution for selling vinous, etc., liquors without a license, under the Act of May 13, 1887, P. L. 108, to set forth in the indictment that the defendant was not a druggist or apothecary, within the exception of the 16th section of that act. The subject is exhaustively treated by Judge PORTER in Com. v. Neal, 78 Pa. Superior Ct. 219, which supports the ruling of the court below. See also, McKelvey v. U. S., U. S. Supreme Court, Adv. ops., January 1, 1923, p. 128. (3) No error was committed in permitting the liquors seized in the home of the defendant at the time of his arrest to be offered in evidence and testimony given as to their alcoholic content: Com. v. Vigliotti, 75 Pa. Superior Ct. 366. The defendant was present and made no objection to the search. But apart from that, it was no violation of the provision against unreasonable searches and seizures, guaranteed by our state Constitution, to discover and seize, at the time of the defendant's arrest on warrant, any evidence or fruits of the crime for which he had been arrested, found upon him or on premises occupied by him. Judge GAWTHROP has considered the subject fully and most lucidly in Com. v. Grasse, October Term, 1922, No. 269, (decision handed down this day), and his opinion sustains the action of the court below. (4) It was not error to admit evidence of sales of liquor made by defendant's wife in his absence. The evidence showed sales by defendant himself, and by his wife in his presence, such as to justify the inference that she was acting as his agent in respect to the sales made by her while he was away, and that they were attributable to him: Com. v. Saab, 75 Pa. Superior Ct. 386, 388. (5) We are not convinced that the charge of the court was inadequate, misleading or prejudicial to the defendant. The act provides (section 21) that when proof of the possession, etc., of any intoxicating liquors has been given in evidence, the jury may infer that the same was for beverage purposes; and the court so instructed the

jury.  Such a provision is not invalid or unconstitutional: Com. v. Berryman, 72 Pa. Superior Ct. 479; People v. Cannon, 139 N. Y. 32, 34 N. E. 759; Com. v. Williams, 6 Gray (Mass.) 1.  The Commonwealth also produced evidence that the defendant had sold intoxicating liquors, some of which had been drunk on the premises and some carried away.  This certainly made out a prima facie case of unlawful possession of intoxicating liquors within the 20th section of the act.  The defendant denied such sales and contended that the intoxicating liquors in his possession were for use only for the personal consumption of himself and his family and bona fide guests; but that was a matter of defense to be shown by him: Com. v. Neal, supra, p. 219; Com. v. Wenzel, 24 Pa. Superior Ct. 467, 469.  The burden of proving that the defendant was guilty of the offenses charged, beyond a reasonable doubt, rested throughout on the Commonwealth, and a fair reading of the charge as a whole admits of no other conclusion.  The court said specifically: "The burden of proof is upon the Commonwealth to satisfy you by evidence, beyond a reasonable doubt, of the guilt of the defendant in this case before they can ask a conviction at your hands"; and "After you have considered the evidence carefully, if you conclude that the Commonwealth has satisfied you by evidence beyond a reasonable doubt that the defendant had in his possession and under his control intoxicating liquors, and he kept it there for the purpose of sale, then you would be justified in convicting the defendant"; and reiterated it, in substance, several times.  Fairly considered with the rest of the charge, the excerpt objected to by appellant in this connection meant only,—though phrased somewhat differently,—that after the Commonwealth had shown by the evidence that the defendant was in possession of intoxicating liquors, it was not incumbent upon it to prove affirmatively that such liquors were not intended solely for the personal consumption of the defendant, his family and guests; if

defendant set up such defense, he must support it by proof or evidence, and unless the weight of the evidence on this point was found by the jury in his favor, he might be convicted; but the burden of satisfying the jury of the guilt of the defendant upon the whole case, beyond a reasonable doubt, never shifted from the Commonwealth. See Penna. v. Myers, Add. 320; Com. v. Colandro, 231 Pa. 343, 349; Com. v. Esper, 77 Pa. Superior Ct. 388. The fact that, at one place in the charge, the court neglected to include "bona fide guests" within the exception of the 22d section, did the defendant no harm. The section had just been read in full, and the jury could have had no doubt as to the persons embraced within its provisions—especially as they were mentioned by the court in full at least three times. The real dispute of fact was whether the defendant had sold some of the intoxicating liquors in his possession. If he had, then unquestionably, they were not in his private dwelling for use only for his own personal consumption and that of his family residing in such dwelling and of his bona fide guests when entertained by him therein; and that the court did not repeat this phrase in its entirety every time the defense was referred to, is not sufficient ground for reversal. (6) The evidence as to the still (4th assignment) was not of great weight, but taken in connection with the testimony as to defendant's alleged declarations and the production and sale of the apple jack, it was not wholly immaterial. The other assignments complaining of rulings on evidence (5th and 6th) are also without substantial merit.

The assignments of error are all overruled. The judgment is affirmed, and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.