# Commonwealth *v.* Domminick, Appellant.

*Criminal law—Intoxicating liquors—Possession—Sale—Trials—
Examination of witness—Testimony—Admissibility.*

In the trial of an indictment for the sale and possession of in-
toxicating liquor, it was proper for the defendant to be asked on
cross-examination whether he had several barrels of mash in his
cellar on the day the alleged sale took place.  The quantity of
liquor on hand, and the means of manufacturing more of it, might
have had some bearing on the question of whether it was intended
solely for personal use, or to be otherwise disposed of.  Where the
defendant testified that he had purchased the liquor, evidence that
he had means of manufacturing it was also admissible to test his
credibility.

Argued December 3, 1923.  Appeal, No. 325, Oct. T.,
1923, by defendant, from judgment of Q. S. Lancaster
Co., April T., 1923, No. 30, on verdict of guilty in the
case of Commonwealth of Pennsylvania v. Joseph Dom-
minick.  Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for sale and possession of intoxicating
liquors.  Before HASSLER, J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty on which judgment of sentence was
passed.  Defendant appealed.

*Errors assigned* were various rulings on evidence and
the charge of the court.

*Charles W. Eaby,* for appellant.

*William C. Rehm,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

The defendant was indicted for unlawful selling, offer-
ing for sale, furnishing and possessing intoxicating

liquors for beverage purposes. The first assignment of error is to the court allowing the district attorney to ask the defendant whether he had three barrels of mash in his cellar on the day the alleged sale took place. This was after the defendant had admitted that he had in his possession seven or eight gallons of liquor. Section 22 of the Act of May 5, 1921, P. L. 407, under which the defendant was indicted, provides that the possession of intoxicating liquors for personal use shall not be unlawful, and this court has decided that that is a matter of defense to be shown by the accused: Com. v. Finch, 80 Pa. Superior Ct. 386. The quantity on hand and the means of manufacturing more of it certainly may have some bearing on the question whether it was solely intended for personal use, or to be otherwise disposed of. In this case there was an additional reason why it was admissible (although the order of its admission was not technically correct) because the defendant testified he had bought the liquor from some one. The fact that he had the means to manufacture it might be of some aid in determining the likelihood of his story.

The same may be said as to the question put to the defendant as to the possession of a still or kettle—the second assignment.

The learned trial judge in his charge inadvertently referred to the indictment as charging the manufacture of liquor. Such a mistake, in some cases, might be serious, but in this it was harmless. The real question in the case was the possession and sale. All the testimony of the Commonwealth was directed to establish possession and sale. There was no evidence offered as to the act of manufacturing. The error was not material. The defendant should have called the court's attention to the misstatement inadvertently made.

There were some appliances brought into court which the defendant admitted were his. The trial judge in his charge stated that they had been brought into court. Exception is taken to this. The court merely stated a

fact. We see no error in this. As stated before, such appliances had some bearing upon the likelihood of defendant's explanation of the possession of liquor which he alleged he had obtained from some one. The whole case in brief was the proof of possession and sale by the defendant and on his part a denial of the sale and the excuse offered to account for the possession that he wanted it for personal use. This was the real issue and none of the assignments of error show that the issue was not fairly tried with due regard to defendant's rights.

All the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.