## Commonwealth v. Johnson

*Patrick F. Casey,* for Commonwealth.

*William Johnson,* p. p.

NEALON, J. (45th Judicial District, Specially Presiding), December 14, 1961.—Defendant, William Johnson, was arrested and charged with violating the Act of July 11, 1917, P. L. 758, sec. 1, et seq., as amended, 35 PS §851, in two counts, as follows: (1)

the unlawful possession of drugs as defined in the act, and (2) the unlawful use of said drugs. He waived jury trial and elected to be tried before a judge, sitting without a jury. At the trial, defendant moved to suppress certain evidence offered by the Commonwealth, contending that to admit this evidence would deprive him of his rights guaranteed by the United States and Pennsylvania Constitutions. The motion to suppress was denied and the evidence received, and defendant was found guilty of possessing a drug prohibited by the act, viz., a white powder containing 6.5 grams of mixture of heroin where the mixture was greater than one-quarter grain per ounce, but was acquitted on the count charging use of said drug. Defendant then moved in arrest of judgment.

At the trial, the Commonwealth relied solely on the testimony of James Williamson, a police officer who was on special assignment to the Narcotics Unit of the Philadelphia Police Department. Officer Williamson testified that on March 21, 1961, acting on information received, he proceeded to a bus terminal at Seventeenth and Market Streets in Philadelphia and observed defendant alight from a bus which had arrived from New York City. Officer Williamson, according to his testimony, had been with the Narcotics Unit for four years and had observed ". . . well over a hundred" persons under the influence of narcotics and had arrested a few hundred narcotics addicts during that period of time. He testified that defendant got off the bus and ". . . looked around and appeared to be in a stunned . . . in a state where he didn't know what was happening"; that he ". . . looked around and didn't appear that he knew where he was at"; that he had a blank stare, indicating ". . . he just didn't know what he was doing"; that ". . . he appeared to be in a dazed condition, which is normal to a narcotics addict"; and that the officer, based upon his experience,

was of the opinion that defendant was under the influence of narcotics, whereupon he was taken into custody and a subsequent search disclosed a cellophane packet of heroin concealed in his hatband.

In Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1683, 6 L. Ed. 2d 1081, the United States Supreme Court ruled "that all evidence obtained by searches and seizures in violation of the Constitution is . . . inadmissible in a State Court. Since the Fourth Amendment's right of privacy has been declared enforceable against the states through the due process clause of the Fourteenth, it is enforceable against them by the same sanction of exclusion as is used against the federal government".

The Fourth Amendment of the United States Constitution provides as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Similarly, section 8 of article 1 of the Pennsylvania Constitution provides:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

Defendant contends that his arrest and the subsequent search and seizure violated his constitutional rights; that the evidence obtained in the search should be suppressed; that the present motion in arrest of judgment should be granted, and defendant discharged.

The validity of an arrest without a warrant is to be determined by the law of the State where the arrest took place: United States v. Di Re, 332 U. S. 581, 63 S. Ct. 222, 92 L. Ed. 210. Under the law of Pennsylvania, a police officer may arrest upon the reasonable suspicion of a felony, without a warrant: McCarthy v. DeArmit, 99 Pa. 63; Commonwealth v. Duerr, 158 Pa. Superior Ct. 484. Under both Federal and Pennsylvania decisions, if the arrest was proper, then the subsequent search of defendant's person and the seizure of evidence found upon him would be lawful: Wilson v. Schnettler, 365 U. S. 381, 81 S. Ct. 632, 5 L. Ed. 2d 620; Commonwealth v. Finch, 80 Pa. Superior Ct. 386. Inasmuch as the use or possession of certain narcotic drugs is a felony under the Act of July 11, 1917 (supra), the question in the instant case is whether or not Officer Williamson had reasonable grounds to suspect that defendant had used or possessed narcotic drugs at the time the arrest was made.

It must be pointed out that the arrest was made by a police officer experienced in, and familiar with, the narcotic problem and not by a casual citizen or a generally-trained police officer. This factor must be taken into consideration in determining the reasonableness of Officer Williamson's action. The action of police officers in making an arrest is not to be measured by what might be probable cause to an untrained, civilian passer-by. When a police officer makes the arrest, the standard means a reasonable, cautious and prudent police officer: Ellis v. United States, 264 F. 2d 372. ". . . what constitutes probable cause must be determined from the standpoint of the officer with his skill and knowledge, rather than from the standpoint of the average citizen under similar circumstances:" United States v. Sebo, 101 F. 2d 889. See also People v. Moore, 70 Cal. App. 2d 158, 160 P. 2d 857, in which

the California District Court of Appeals passed on the competency of an experienced police officer to express an opinion as to whether a person was under the influence of narcotics, as follows:

"One of these police officers who testified he had seen people under the influence of narcotics 'on numerous occasions' was permitted to express the opinion that Jeffcott was, on the morning in question, under the influence of narcotics. Sufficient foundation was laid for this testimony and it was admissible. (32 C. J. S. §513, pp. 200-201; 20 Am. Jur. §876, p. 737; Miller v. Hamilton Brown Shoe Co. (1911), 89 S. C. 530 [72 S. E. 397, 398, Ann. Cas. 1913 B 106] see, also, People v. James (1944), 63 Cal. App. 2d 709 [151 P. 2d 572]."

Considering the experience of Officer Williamson with the Narcotics Unit; the fact that he was acting on information received; the observations he made concerning defendant's appearance and behavior, and the conclusion he reached as to defendant's condition, viz., that defendant was under the influence of narcotics, this court has no hesitancy in saying that Officer Williamson had reasonable grounds to suspect that a felony had been committed and, consequently, could arrest, without a warrant, and search defendant's person, incidental to a valid arrest.

The motion in arrest of judgment is denied.