## Staeger *versus* The Commonwealth.

| 103    469|
| 21 SC ³232|

1. Where a count for a misdemeanor in an indictment under section 138 of the Penal Code (P. L. 1860, 415), erroneously charged the defendant with " feloniously " burning a barn, the mistake cannot avail the defendant after verdict of guilty on said count; but the word " feloniously" will be considered surplusage.

2. It is not necessary in such a count, to state that the barn burned was not a parcel of the dwelling house.

3. Where the offences charged in the several counts of an indictment are not repugnant, but grow out of the same transaction, and are mere variations of the statement of the same act, such counts may be joined, although some of them charge the offence as a felony and others as a misdemeanor.

April 30th 1883. Before GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, C. J., and CLARK, J., absent.

ERROR to the Court of Oyer and Terminer of *Lebanon county :* Of January Term 1883, No. 320.

Indictment of Jacob W. Staeger for burning the barn of Jefferson Light. Plea, not guilty.

The indictment contained seven counts. The first six charged the defendant with feloniously, willfully and maliciously setting fire to a barn, within the curtilage, and a parcel of the dwelling-house of Jefferson Light; said counts being for felonious arson under section 137 of the Crimes Act of March 31st 1860 (P. L. 415). The seventh count was for " feloniously, unlawfully, willfully and maliciously " setting fire to and burning " a certain barn of the aforesaid Jefferson Light, there situate, with intent to destroy the same," &c. This being intended as a count

for the misdemeanor of burning a barn, under section 138 of the same Act.

The verdict of the jury was in the following words : " That they find the said Jacob W. Staeger, the prisoner at the bar, guilty of a misdemeanor in wilfully and maliciously having set fire to the barn mentioned in the indictment."

A motion in arrest of judgment and for a new trial was overruled by the court, and judgment was entered in favor of the Commonwealth, and sentence of fine and imprisonment entered against the defendant, whereupon he took this writ, assigning for error, " that all the counts in the indictment under which he was tried, charged the defendant with felonies, and the verdict of the jury convicted him of a misdemeanor for which he was not indicted or tried."

*William M. Derr* (with whom was *Bassler Boyer*), for the plaintiff in error.—It is conceded that the last count is the only one upon which the verdict can be sustained, if at all. Section 137 of the Act defines as felonious arson the burning of a barn which is a parcel of the dwelling or adjoining thereto, while the misdemeanor, under the 138th section, is the burning of a barn not so connected with the dwelling. In the six preceding counts this barn is mentioned as " a certain barn belonging to the said Jefferson Light," the barn of the said Jefferson Light ; " and the last count designates it in the same way as " a certain barn belonging to the said Jefferson Light ;" and not a certain other barn, indicating throughout all the counts that it was the same barn in each count mentioned, which was " feloniously burned," etc., " being parcel of the dwelling," " and belonging and adjoining thereto," " and being within the curtilage of the said dwelling-house," and this barn the last count alleges the defendant did set fire to and burn with intent to destroy the same. The offence set out in the last count is felonious arson under the 137th section of the code ; the barn being the same, and having been entirely destroyed, being parcel of the dwelling, and belonging or adjoining thereto, and within the curtilage of the dwelling-house as alleged in the counts preceding the last one, and in the latter being alleged as having been feloniously, etc., set fire to, with intent to destroy, fixes the grade of the crime charged as a felony. The word " feloniously" in the seventh count cannot be treated as surplusage. The indictment must expressly charge the offence, and the defendant must be brought within all the material words of the statute : 1 Wharton's Am. Crim. Law, § 364. A verdict for an offence less than the crime charged can only be had when the lesser crime is a part of the greater, as attempts to commit crime : Commonwealth *v.* Gable, 7 S. & R. 423 ; Walters *v.* Common-

wealth, 8 Wright 135 ; Commonwealth *v.* McConnell, 2 Pitts. 210. While the statutes permit counts for a misdemeanor and a felony to be joined, it is not allowable to join a misdemeanor with a felony triable exclusively in the court of oyer and terminer : Henwood *v.* Commonwealth, 2 P. F. S. 424; Hunter *v.* Commonwealth, 29 P. F. S. 503 ; Stevick *v.* Commonwealth, 28 P. F. S. 460.

*Grant Weidman* (with whom was *Luther F. Houck,* District Attorney), for defendant in error.—If an act be charged to have been done with a felonious intent to commit a crime, and it appears upon the face of the indictment that the crime, though perpetrated, would not have amounted to a felony, the word "felonious," being repugnant to the legal import of the offense charged, may be rejected as surplusage : Wharton's Am. Criminal Law, § 400 ; Bishop on Criminal Law, § 547 ; Hackett *v.* The Commonwealth, 3 Harris 95 ; Commonwealth *v.* Squire, 1 Metcalf 260. It was not necessary to state in the seventh count, in order to bring it under section 138 of the Act, that the barn was not a parcel of the dwelling-house : Commonwealth *v.* Squire, supra; Devoe *v.* Commonwealth, 3 Metcalf 327 ; Hopkins *v.* Commonwealth, 3 Metcalf 467. The right of joinder of counts for felonies triable in the oyer and terminer with misdemeanors is well settled : Henwood *v.* Commonwealth, 2 P. F. S. 424; Stevick *v.* Commonwealth, 28 P. F. S. 460 ; Harman *v.* Commonwealth, 12 S. & R. 69 ; Commonwealth *v.* Birdsall, 19 P. F. S. 482. The common law rule, that in an indictment for a felony there can be no conviction for a misdemeanor, does not exist in Pennsylvania : Hunter *v.* The Commonwealth, 29 P. F. S. 503.

Mr. Justice PAXSON delivered the opinion of the court, May 21st 1883.

The plaintiff in error was convicted in the court below of a misdemeanor in willfully and maliciously setting fire to a barn. The indictment contained seven counts, in the first six of which he was charged with felonious arson under the 137th section of the Crimes Act of March 31st 1860, P. L. 415, and in the last count with the misdemeanor of burning a barn under the 138th section of said Act; upon this last count he was convicted and sentenced.

The record having been removed into this court for review, it was assigned for error " that all the counts in the indictment under which he was tried charged the defendant with felonies, and the verdict of the jury convicts him of a misdemeanor for which he was not indicted or tried."

The defendant below was indicted for burning a barn, and

it is that offence and no other of which he was convicted. Hence, there is no room for the allegation that he was convicted of something with which he had not been charged. The grade of the crime depends upon circumstances. In Hill *v.* Commonwealth, 2 Out. 192, we pointed out the distinction between the 137th and 138th sections of the code. Speaking of the latter section we said : " This section was manifestly intended to provide for the burning of a barn that is not parcel of a dwelling-house, nor belonging nor adjoining thereto, and which is so situated as not to endanger a dwelling-house."

There can be no doubt that the last count of this indictment was framed under the 138th section and was intended to charge a misdemeanor only. The pleader, however, has inserted the word "feloniously." If the act charged was a misdemeanor, this mistake of the pleader cannot avail after verdict. It was surplusage, and if objection had been taken at the trial could have been stricken out. Mere technical matters which do not affect the merits receive much less consideration now than they did a century ago.

It was urged, however, that as this count charges the burning of a barn, without any averment that " it was not parcel of a dwelling-house," the offence comes within the 137th section and amounts to a felony. I can understand that in order to convict of felonious arson under the 137th section the indictment must aver and the proof must show that the barn is parcel of a dwelling-house, or belonging or adjoining thereto ; or that by means thereof a dwelling-house has been burned ; but I am at a loss to perceive how the absence of such an averment can make a felony out of a mere misdemeanor. There is no legal presumption that a barn is parcel of a dwelling-house ; hence when an indictment charges the burning of a barn it means that and nothing else.

The defendant below having been convicted of a misdemeanor, the only remaining question is, was there a misjoinder? Upon this point we are in no doubt. The offences charged in the indictment are not repugnant, but grew out of the same transaction. The different counts are mere variations of the statement of the same act, viz., the burning of a barn. The authorities are uniform that such counts may be joined in the same indictment even though some of them charge the offence as a felony and others as a misdemeanor : Henwood *v.* The Commonwealth, 2 P. F. S. 424; Harman *v.* The Commonwealth, 12 S. & R .69 ; Commonwealth *v.* Birdsall, 19 P. F. S. 482 ; Stevick *v.* The Commonwealth, 28 Id. 460 ; Hunter *v.* The Commonwealth, 29 Id. 503.

Judgment affirmed.