## Commonwealth *v.* B. E. Wood, Appellant.

*Criminal law—Indictment—Surplusage—Practice, Q. S.*

Every objection to any indictment for any formal defect, apparent on the face thereof, should be taken by demurrer or on motion to quash such indictment before the jury is sworn and not afterwards.

Where the indictment charged forgery in apt terms, but in addition to the words necessary to charge such misdemeanor the word "feloniously" was inserted, such word may be rejected as surplusage, it being apparent on the face of the indictment that the crime would not amount to felony. The mistake of the pleader cannot avail after verdict on motion in arrest of judgment.

Argued May 4, 1896. Appeal No. 8, March T., 1897, by defendant, from judgment of Q. S. Huntingdon Co., Dec. Sessions, 1895, No. 4, on sentence upon verdict of guilty. Before RICE, P. J., WILLARD, WICKHAM, BEAVER and REEDER, JJ. Affirmed.

Motion in arrest of judgment for defective indictment.

Burton E. Wood, the defendant, was convicted in the court of quarter sessions of Huntingdon county on the 11th day of February, 1896, on three separate indictments, to Nos. 4, 5 and 6, December sessions, 1895. By agreement the three indictments were tried together. Each indictment charged "that the defendant feloniously did, falsely and fraudulently make, forge and counterfeit and willingly aid and assist in the false making, forgery and counterfeiting of a certain lease . . . . and that the said defendant with force and arms, etc., feloniously did pass, deliver and publish as true a certain false, forged and counterfeited lease, etc., . . . . and concluded contrary to the form of the act of general assembly in such cases made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The indictment to No. 4, December sessions, 1895, is the one before this court, that being the one the sentence was imposed under.

Immediately after verdict the defendant moved in arrest of judgment, contending that forgery in Pennsylvania, both at common law and by statute was a misdemeanor, and that there

could be no judgment on the verdict, as the offense had been pleaded as a felony. The motion was entertained, argued, and on the 25th of March overruled. On the same day the court passed judgment on the verdict and sentenced the defendant. The decree of the court and judgment on the verdict was appealed from and assigned for error.

Per Curiam: Now March 25, 1896, this motion having been heard, we are of the opinion that the use of the word "feloniously" in the indictments, is mere surplusage, and did not change the offense of forgery, which is a misdemeanor, into a charge of a felony. In crimes of the degree of felony it is essential that the offense laid in the indictment should be charged as having been feloniously committed. We do not regard it as of any effect or use in indictments which charge misdemeanors. The defendant had a fair trial on the merits. We therefore overrule this motion, and direct the clerk to amend the indictments nunc pro tunc, by striking therefrom the word "feloniously" wherever it occurs.

*Errors assigned* were, (1) overruling motion of defendant in arrest of judgment; (2) passing judgment on the verdict.

*W. M. Henderson,* with him *H. W. Petrikin,* for appellant.— The Supreme Court has frequently and decisively said that on an indictment for a felony there cannot be a conviction for a misdemeanor: Dinkey v. Com., 17 Pa. 126 ; Com. v. Gable, 7 S. & R. 433; Com. v. Toland, 11 Phila. 433.

And this rule is only relaxed when the indictment charges felony and there is a constituent misdemeanor included within it, growing out of the same transaction: Hunter v. Com., 79 Pa. 503 ; Com. v. Shutte, 130 Pa. 272.

The indictment would have been bad prior to the passage of the act of 1885, as the privilege of defendants testifying in their behalf was not extended to the misdemeanors, perjury and forgery by the act of 1872, and a conviction thereon would have been sufficient reason for a new trial: Com. v. Toland, 11 Phila. 433.

Indictments must conform to the statutes under which they are drawn: Updegraff v. Com., 6 S. & R. 8.

Nor would an acquittal in this indictment be a bar to another indictment for the same act charging it as a misdemeanor: Com. v. Dinkey, supra; Hilands v. Com., 114 Pa. 372.

*W. C. Fletcher*, with him *H. H. Waite*, district attorney, and *J. B. Dorris*, for appellee.—The alleged defect was a formal one and apparent on the face of the indictment, and no objection having been made on this ground before the jury was sworn and defendant had pleaded, it was too late to raise the question on a motion in arrest of judgment or after the evidence had closed: Act of March 31, P. L. 1860, sec. 11, P. L. 433; Com. v. Rough, 78 Pa. 495; Com. v. Frey, 50 Pa. 245.

The exception that the statute on which the indictment was founded is a private act is such a formal defect: Phillips v. Com., 44 Pa. 197.

"It is too late, after the defendents are convicted, to pause and allege 'truly, we are convicted, but the indictment was not found in a formal way.' To permit such an expedient would tend to encourage attempts by criminals to first try the experiment of a trial. If successful, well; if not, then seek to impeach the indictment, while confessedly guilty of the crime charged by it. Such a procedure is sanctioned neither by principle nor authority: Com. v. Hughes, 11 Phila. 430.

A defect that does not affect the merits of the case, or the evidence necessary to be given to maintain the indictment, can be regarded as only formal: 4 Am. & Eng. Ency. of Law, p. 770.

It being apparent on the face of the indictment that the crime would not amount to a felony, the word felonious being repugnant to the legal import of the offense charged, may be rejected as surplusage: 1 Wharton's Crim. Law, p. 175, sec. 175; 400 [ed. 1861.]

The charge as set forth in the indictment absolutely precludes the conclusion that the defendant was charged or intended to be charged with a felony. The word " feloniously " is mere surplusage, and surplusage is as innocuous in criminal as in civil proceedings and will be as readily rejected: Hackett v. Com., 15 Pa. 95; Com. v. Gable, 7 S. & R. 423; Com. v. Squire, 1 Metc. (Mass.) 258; Hess v. State, 5 Ohio, 12; People v. Jackson, 3 Hill (N. Y.), 92; People v. White, 22 Wend. (N. Y.) 175; State v. Sparks, 78 Ind. 166.

" A formal defect in an indictment may be amended either in the court below or in the Supreme Court : " Davis v. Com., 4 Cent. Rep. 711.

PER CURIAM, July 16, 1896 :

Sec. 11 of the Criminal Procedure Act of March 31, 1860, (P. L. 427) provides : " Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn and not afterward." The indictment in this case charged, in apt terms, a forgery under sec. 169 of the act of March 31, 1860 (P. L. 422), which is a misdemeanor, but in addition to the words necessary to charge that offense the word " feloniously " was inserted. Where it is apparent on the face of the indictment that the crime would not amount to a felony, the word felonious being repugnant to the offense charged may be rejected as surplusage : Wh. Cr. L. sec. 400, (ed. 1861). This is in harmony with our own decisions. In Staeger v. Com., 103 Pa. 469, Justice PAXSON said: " There can be no doubt that the last count of the indictment was framed under the 138th section, and was intended to charge a misdemeanor only. The pleader however has inserted the word ' feloniously.' If the act charged was a misdemeanor this mistake of the pleader cannot avail after verdict. It was surplusage, and if objection had been taken at the trial, could have been stricken out. Mere technical matters which do not affect the merits, receive much less consideration now than they did a century ago." This seems to be conclusive of the question.

The judgment of the court of quarter sessions is affirmed, and it is now ordered here that B. E. Wood the appellant be remanded to the custody of the keeper of the Western Penitentiary in the city and county of Allegheny, there to be confined according to law, and the sentence of the court below, for the residue of the term to which he was sentenced, and which had not expired on the 30th day of March, 1896, when the appeal in this case was entered, and that the record be remitted to the said court, with instructions to carry this order into effect.