# Commonwealth *v*. Wenzel, Appellant.

*Liquor law—Selling liquor without a license.*

On the trial of an indictment for selling liquor without a license, where it is admitted that the liquor sold contained slightly less than one per cent of alcohol, the court cannot be convicted of error in charging that if the jury believed that the beverage sold had any alcohol, or any admixture thereof in it, and also believed that the defendant sold the beverage, they will return a verdict of guilty.

*Liquor law—Selling liquor without a license—Burden of proof.*

A conviction for selling liquor without a license will be sustained, although there was no proof that the defendant did not have a license. The burden is on the defendant to show that he is within the privileged classes mentioned in the Act of May 13, 1887, P. L. 108.

Submitted Dec. 14, 1903. Appeal, No. 23, April T., 1904, by defendant, from judgment of Q. S. Allegheny Co., Dec. T., 1902, No. 456, on verdict of guilty in case of Commonwealth v. Harry B. Wenzel. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for selling liquor without a license. Before FRAZER, P. J., and SHAFER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* (1, 2) are quoted in the opinion of the Superior Court.

*Schoyer & Hunter* and *H. K. Siebeneck*, for appellant.

OPINION BY BEAVER, J., March 14, 1904:

The defendant was convicted, under the Act of May 13, 1887, P. L. 108, of selling liquor without a license. The section of the act relating thereto is as follow: " Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt or brewed liquors, or any admixture thereof, without a license, shall be sentenced to pay a fine of not less than five hundred dollars, nor more than five thousand dollars, and undergo an imprisonment in the county jail of not less than three months, nor more than twelve months."

The sale of an article of drink called rikk, containing—according to the defendant's witnesses—from eighty-seven hundredths of one per cent to ninety-eight hundredths of one per cent, the average being ninety-three hundredths of one per cent of alcohol, was admitted by the defendant and the sale attempted to be justified on the ground that it was not intoxicating and that the alcohol therein contained was not an essential ingredient thereof. What constituted the body of the drink is not stated and, as the evidence is not printed, we have no means of ascertaining.

The first, third, fourth and fifth specifications of error all raise the same question and it is fairly raised by the portion of the charge which is assigned for error in the first specification as follows: "If you believe that this (beverage) had vinous, spirituous, malt or brewed liquors, that is alcohol or any admixture of it,—if you believe there was any in it, as was testified to by all the witnesses who testified about it, then you will find this man guilty. If you do not believe it, and do not believe he sold it, as he said he did, then you can find him not guilty."

The drink, whatever it may have been, undoubtedly contained a percentage of alcohol. That having been conclusively shown by the defendant's own witnesses, he was guilty of selling a drink containing an admixture of spirituous, vinous, malt or brewed liquors, all of which contain alcohol as an essential ingredient. We have no doubt whatever as to the propriety of the charge of the court covering this branch of the case. See Hatfield v. Com., 120 Pa. 395; Com. v. Reyburg, 122 Pa. 299.

The second specification of error is as follows: "There being no evidence that the defendant was not a licensed vendor of alcoholic liquors, the court erred in sentencing the said defendant under the act of May 13, 1887, for a violation of the 15th section thereof."

As we view the law, it was not incumbent upon the commonwealth to prove a negative. All sales of liquor under the act referred to herein are presumed to be unlawful. The very language of the act makes this apparent. In the first section it is said: "It shall be unlawful to keep or maintain any house," etc., "except a license therefor has been previously obtained as hereinafter provided." If the defendant, in a prosecution under said

act, claims to belong to the privileged class which, under a license from the court of quarter sessions, has legal authority for selling liquor, it is incumbent upon him to show it.　Or, if a druggist who does not require a license as provided in section 16 of the act, he must show that the sale was made under " the prescription of a regularly registered physician," or that " alcohol or any preparations containing the same " has been sold " for scientific, mechanical or medicinal purposes."　This, so far as we know, is the universal practice in Pennsylvania.　If the defendant is a licensed vendor, he has the certificate showing the authority under which he sells in his possession and under his control.　There can be neither impropriety nor hardship, therefore, in requiring him to show by what authority he makes sale of intoxicating drinks which is prohibited by law, except by those who are privileged under said act to make sale thereof.

The assignments of error are all overruled, the judgment is affirmed and the record remitted to the court below, to the end that its sentence may be carried into effect.