# Commonwealth *v.* Bednorciki, Appellant.

*Criminal law—Murder—Evidence — Weapon — Declarations of deceased — Degrees — Charge — Abstract question — Character — Charge as to law—Presence of defendant in court—New trial—Assignments of error—Practice, Supreme Court.*

1. Where, on the trial of an indictment for murder, it is shown that a revolver with caliber similar to that used in the commission of the crime, was found in defendant's room with one part removed, it is proper to permit the use of a like weapon, to demonstrate to the jury how the missing part could be removed.

2. Declarations of a man who was murdered, made to his wife shortly before his death, are inadmissible, where there is no evidence that the deceased realized he was about to die, and was without hope of recovery. The rule is the same whether such declarations are offered for or against the accused.

3. Declarations of the person injured which tend to exculpate the accused, such as declarations expressing forgiveness or reluctance to prosecute, are not admissible, where they are not a part of res gestæ or dying declarations.

4. An offer at a murder trial, to prove that some months prior to the homicide, a man, other than the accused, had threatened to fix the deceased, and that such man had been in the vicinity on the day before the homicide, is inadmissible where there is nothing to connect the man with the offense.

5. At a trial for murder the trial judge does not commit error by charging "We are concerned in the case only with the sort of murder in the first degree known as wilful, deliberate and premeditated." This is different from saying "that sort of murder known as wilful, deliberate and premeditated."

6. It is proper in such a case to charge that the presumption is, that one who commits an illegal homicide is guilty of murder of the second degree, and that the burden is upon the Commonwealth to show such facts and circumstances as will raise the offense to first degree murder.

7. In a murder case the court is not required to charge upon abstract questions not involved in the case, and this is emphatically true where no request is made therefor. Thus where the defense of an alibi is not suggested by the evidence, or raised by counsel, the court is not bound to explain to the jury the law relating thereto.

8. The court properly charges, in a murder case, on character as follows: "If under all the evidence, including the evidence of good character, you are satisfied beyond a reasonable doubt of the guilt of the prisoner, you should convict, notwithstanding the evidence of good character. It is simply substantive evidence to be considered by you as such."

9. It is not error for the court in such a case, to say to the jury "you are the judges of the facts, as I have tried to explain to you, and it is my duty to declare to you the law." The best evidence the jurors have of the law is the instructions of the court.

10. A conviction of murder of the first degree, will not be reversed, because the sheriff did not bring the defendant into court promptly at the time fixed for the argument of a motion for a new trial, and, by consent of counsel, the argument was begun in his absence.

11. A motion and reasons for a new trial in a criminal case should be set out in the assignment of error relating thereto.

Argued Feb. 3, 1919. Appeal, No. 88, Oct. T., 1918, by defendant, from judgment of O. & T. Beaver Co., Dec. T., 1917, No. 5, on verdict of murder of the first degree in case of Commonwealth v. Broneslaw Bednorciki. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Affirmed.

Indictment for murder. Before BALDWIN, P. J.

Verdict of guilty of murder of the first degree, on which judgment of sentence was passed.

*Errors assigned* were various rulings on evidence and instructions sufficiently appearing by the opinion of the Supreme Court.

*Clyde Holt,* of *Holt & Holt,* with him *M. F. Mecklem,* for appellant, cited: Com. v. Frucci, 216 Pa. 84; Com. v. Watson, 233 Pa. 295; Meyers v. Com. 83 Pa. 131; Com. v. Smith, 221 Pa. 552; Com. v. Cleary, 135 Pa. 64; Kane v. Com., 89 Pa. 522; Com. v. Silcox, 161 Pa. 484.

*Louis E. Graham,* District Attorney, with him *Frank H. Laird,* for appellee, cited: Small. v. Com., 91 Pa.

304; Com. v. Drum, 58 Pa. 9; Com. v. Zappe, 153 Pa. 498; Com. v. Eckerd, 174 Pa. 137; Com. v. Corsino, 261 Pa. 593.

OPINION BY MR. JUSTICE WALLING, March 10, 1919:

This appeal by defendant is from the judgment on conviction of murder of the first degree. Charles Reink, the deceased, resided with his wife and children on a farm three miles from Beaver Falls and Broneslaw Bednorciki, the defendant, an unmarried man, lived with them. On the evening of September 8, 1917, the two men took a horse and buggy and drove to Beaver Falls where they did some shopping and started home together about ten o'clock. The next morning the deceased was found about one-half mile from his home down a bank some forty yards from the highway, so injured by gun shot wounds, cuts and bruises, that he died two days later. A neighbor testified that about midnight, while walking along the road, he heard moans coming from where the deceased was afterward found and at the same time saw the defendant in the road by the horse and buggy, and the next morning, when discovered coming up through the bushes whence the groans were still emanating, defendant explained their cause by saying his friend had too much drink. There were many other circumstances tending to connect him with the crime, with which the wife of the deceased being also charged as an accessory. A revolver, with caliber similar to that used in the commission of the crime, was found concealed in defendant's room with one part removed; and there was no error in permitting the use of a like weapon to demonstrate to the jury how the missing part can be removed: see Commonwealth v. Miller, 258 Pa. 226; Commonwealth v. Fry, 198 Pa. 379.

Neither was there any error in refusing to permit the wife of the deceased to testify to an alleged conversation with him at the hospital shortly before his death. If admissible it was as a dying declaration, and it could

not be received as such without evidence that the declarant realized he was about to die and was without hope of recovery, and as to that there was neither proof nor offer of proof: see Sullivan v. Commonwealth, 93 Pa. 284. The rule is the same whether such declaration is offered for or against the accused: Mattox v. U. S., 146 U. S. 140. "Declarations of the person injured which tend to exculpate accused, such as declarations expressing forgiveness or a reluctance to prosecute, are not admissible, where they are not part of res gestæ, nor dying declarations": 16 Corpus Juris, p. 641. Among the numerous cases there cited, State v. Brady, 71 N. J. L. 360, says: "In the prosecution of criminal offenses the state does not assert a private right, or maintain an individual interest, in any such sense as to be affected or bound by hearsay statements of him who has been the victim or object of the criminal act. There is no such legal identity or privity between the person so situated and the state as to render admissions made by him competent evidence in behalf of the party charged with the commission of the crime."

The defendant offered to prove that some four months prior to the homicide a man who resided in Pittsburgh had threatened to fix the deceased, and that such man was in Beaver Falls on the Friday preceding the homicide. As there was nothing tending to connect him with the offense, the offer was properly rejected: Commonwealth v. Schmous, 162 Pa. 326.

The charge was full and accurate and the errors assigned to excerpts therefrom are without merit. The trial judge did not say that we are here concerned only with that sort of murder known as wilful, deliberate and premeditated, but that we are here concerned only with that sort of murder in the first degree so known, which is entirely different and accords with the language of Justice AGNEW in Commonwealth v. Drum, 58 Pa. 9, 16.

It was right to instruct the jury in effect that the presumption is that one who commits an illegal homicide is guilty of murder in the second degree and that the burden is upon the Commonwealth to show such facts and circumstances as will raise the offense to first degree murder, accompanied by full and explicit instructions as to all the elements necessary to constitute that degree of crime. As the victim was shot through both the head and body, his ears severed, one eye gouged out, his head and face frightfully cut, bruised and mangled, his body dragged forty yards down the bank, leaving a trail of blood, and there abandoned in the night, there was no impropriety in the court's calling the attention of the jury to the importance of the case both to the Commonwealth and to the defendant, and saying, "it would certainly appear that some one was guilty of a most heinous crime."

The defense of an alibi was not suggested by the evidence nor raised by counsel during the trial and the court was not bound to explain to the jury the law relating thereto. Even in a murder case the court is not required to charge upon abstract questions not involved in the case, and this is emphatically true where no request is made therefor: see Brown v. Commonwealth, 76 Pa. 319; Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497. The defendant denied his guilt and testified that they came home together and he went to bed and remained there until morning. In the main this was corroborated by the wife of the deceased, who also said her husband left the house that night shortly after they came home. The court called the jury's attention to this evidence, but it did not constitute an alibi, properly so called, for the crime might have been committed before the defendant reached home, as the Commonwealth contended, or even after he left home in the morning. It was self-evident that defendant did not commit it while home and in bed. But the story that the deceased came home after midnight and immediately started alone to walk back to

Beaver Falls, while highly improbable and inconsistent with the other evidence in the case, was properly submitted to the jury. If more specific instructions as to that branch of the case were desired they should have been requested: Commonwealth v. Zappe et al., 153 Pa. 498.

On the question of character evidence the court charged, inter alia: "Nevertheless, if, under all the testimony in the case, including the evidence of good character, you are satisfied beyond a reasonable doubt of the guilt of the prisoner at the bar, you should convict, notwithstanding the evidence of good character. It is simply substantive evidence to be considered by you as such." That was clearly right and in accord with numerous decisions of this court.

The trial judge stated in the charge, "You are the judges of the facts, as I have tried to explain to you, and it is my duty to declare to you the law." The latter clause is criticised, but unjustly so. It is the duty of a trial judge to declare the law to the jury in every criminal case, and particularly in a homicide case: Meyers v. Commonwealth, 83 Pa. 131; Commonwealth v. Smith, 221 Pa. 552. The best evidence the jurors have of the law is the instructions of the court. Of course they can render a general verdict of not guilty and to that extent are the ultimate judges of both the law and the facts; but that does not absolve the court from its duty of declaring the law to them nor absolve them from the duty of accepting it when so declared: Commonwealth v. McManus, 143 Pa. 64.

The sheriff did not bring the defendant into court promptly at the time fixed for the argument of the motion for a new trial and by consent of counsel the argument was begun in his absence. In Jewell v. Commonwealth, 22 Pa. 94, 101, this court, in an opinion by Chief Justice BLACK, says: "We are of opinion that the presence of a prisoner charged with a capital offense, at any time between the verdict and sentence, though very prop-

er, is not necessary to the validity of the judgment."
That is undoubtedly sound, and, as there shown, a false
step taken after verdict would vitiate only what followed
it.

The motion and reasons for a new trial are not set out
in the assignment of error and therefore are not properly
before us (Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243);
but we have examined them and find nothing to justify
disturbing the verdict, which was the logical result of
the evidence.

The assignments of error are overruled, the judgment
is affirmed, and it is ordered that the record be re-
mitted to the court below for the purpose of execution.