Com. of Pa. *v.* Fahey, Appellant.

Argued May 8, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Harry A. Estep,* and with him *James T. Philpott,* for appellant.

*Earl R. Jackson,* Assistant District Attorney, and with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY KELLER, J., July 13, 1934:

Appellant was indicted for embracery, in unlawfully attempting to corrupt and influence three named persons who had been summoned as jurors in the court of quarter sessions of Allegheny County, as to certain criminal prosecutions pending in said court in which Thomas Dolan, Thomas Goslin and Thomas Coyne had been charged with (1) violation of the liquor laws and (2) keeping a gambling house. There were three counts in the indictment, one for each juror attempted to be corruptly influenced. He was convicted generally.

Two main questions are raised by the appeal.

(1) Appellant contends that the indictment should have been quashed; that it was brought under the 13th section of the Criminal Code of March 31, 1860, P. L. 382, and that that section, by its terms, is limited to an unlawful attempt to corruptly influence a juror made by one who is himself a party concerned in the case to be heard by or tried before such juror. The language of the 13th section is: "If any person shall attempt to corrupt or influence any juror in a criminal or civil court, or any arbitrator appointed according to law, by endeavoring, either in conversation or by written communication, or by persuasion, promises

or entreaties, or by any other private means to bias the mind or judgment of such juror or arbitrator, as to any cause pending in the court to which such juror has been summoned, or in which such arbitrator has been appointed or chosen, except by the strength of evidence or the arguments *of himself or his counsel* during the trial or hearing of the case, he shall be guilty of a misdemeanor,'' etc. The words which we have italicized would seem to limit prosecutions under the 13th section to cases in which the attempt to influence the juror was made by a party concerned in the trial.

But the enactment of this provision of the Criminal Code did not affect the common law offense of embracery, which is any attempt to influence a jury corruptly to one side by promises, persuasions, entreaties, money, entertainment and the like: 4 Blackstone's Commentaries, 140; 3 Wharton's Criminal Law, Sec. 2236, pp. 2525-2526 (12th Ed.). ''Any attempt to corrupt, influence or instruct a jury or to incline them to be more favorable to one side than to the other, by money, promises, letters, threats or persuasions excepting by the strength of the evidence and arguments of counsel in open court at the trial of the cause, whether the jurors give any verdict or not, or whether the verdict be true or false'': Hawkins' Pleas of the Crown, c. 85, sec. 1; Com. v. Kauffman, 1 Phila. 534, 537. It applies equally to persons not concerned in the case the decision of which was sought to be affected, as well as to those concerned as parties in it. It is not necessary in an indictment at common law to aver that the corrupt attempt to influence the juror was not by the strength of the evidence or by arguments of counsel in open court at the trial of the case: 2 Wharton's Precedents of Indictments and Pleas, Sec. 1022, pp. 581-582 (4th Ed.); nor is it necessary in an indictment under section 13 of the Criminal Code to aver that the corrupt

attempt to influence was other than "the strength of evidence or the arguments of himself or his counsel during the trial or hearing of the case." If the defendant claims that the persuasion used by him was restricted to such matters as are excepted by the act, that is matter of defense to be shown by him: Com. v. Neal, 78 Pa. Superior Ct. 216, 219; Com. v. Finch, 80 Pa. Superior Ct. 386, 389; Com. v. Wenzel, 24 Pa. Superior Ct. 467, 468, 469. If included in the indictment, it is surplusage, and need not be affirmatively proved. The only requisite is that the evidence of the Commonwealth must not bring the case within the exception; that is, the defendant cannot be convicted if the jury find that the attempted influencing of the jury was confined to the influence flowing from the evidence and the arguments in court *during the trial of the case.*

In the present case the indictment clearly set forth that the attempted corrupt influencing of jurors with which the defendant was charged was in connection with criminal prosecutions brought by the Commonwealth against Thomas Dolan, Thomas Goslin and Thomas Coyne; that the defendant in the embracery charge was not a defendant in those prosecutions nor a party concerned in their trial; that the embracery charge was, therefore, not brought under the 13th section of the Criminal Code, but was a common law offense; that it concluded, "against the peace and dignity of the Commonwealth of Pennsylvania," as is required of indictments for common law offenses; and in so far as it contained averments that the attempted corrupt influencing of the jurors was "in a manner other than by the strength of the evidence and the argument of counsel during the trial or hearing of the said case," and that it was "contrary to the form of the Act of the General Assembly in such case made and provided," they were surplusage. See Com. v. Kay, 14 Pa. Superior Ct. 376, 383; Hutchison

v. Com., 82 Pa. 472; Com. v. Richardson, 229 Pa.
609, 79 A. 222; Staeger v. Com., 103 Pa. 469; Com.
v. Wood, 2 Pa. Superior Ct. 42; Com. v. Kline, 107
Pa. Superior Ct. 594, 607, 164 A. 124; Sadler's Criminal Procedure, p. 263. There can be no reasonable
doubt that the defendant understood fully the offense
with which he was charged in the indictment; and we
find no error in the refusal of the court below to
quash it: Com. v. Mack, 111 Pa. Superior Ct. 494, 170
A. 429; Com. v. Benedict, 113 Pa. Superior Ct. 504.

(2) Appellants' second main ground for appeal is
that the trial judge in his charge to the jury said:
"Now, you know that the jury are the judges of the
facts; they have to determine the disputed questions
of fact in the case, that is all they are the judges of.
They are obliged to take the law from the court and,
on the testimony, according to the legal principles
given by the trial judge, they find the facts and determine the guilt or innocence of the defendant accordingly." He also said: "You are the sole judges
of the facts in this case, and, as I said before, it is
your duty to consider the whole matter most calmly
and dispassionately, without fear or favor, without
prejudice or partiality, and to make a just and true
finding on the evidence in the case on the legal principles which I have given you, and to render your
verdict accordingly." Appellant contends this is contrary to the provision in Section 7 of Article I of our
Constitution: "And in all indictments for libels the
jury shall have the right to determine the law and the
facts, under the direction of the court, *as in other
cases.*" The usual exposition of this clause is that it
is the duty of the jury to decide the case on the law
and the evidence; that the statement of the law by the
court is the best evidence of the law within the jury's
reach, and as it is their duty to take the best evidence
of the law, they are to be guided by what the court
has said with reference to the law: Com. v. McManus,

143 Pa. 64, 22 A. 761; Com. v. Goldberg, 4 Pa. Superior Ct. 142; or as stated by President Judge RICE in Com. v. Ellis, 46 Pa. Superior Ct. 72, 78: "The province of the judge is not merely to counsel, but to instruct, and it is the duty of the jury to take his instructions as the best evidence of the law."

In recent years, the opinions of the Supreme Court have been veering in the direction of the concurring opinion of Mr. Justice MITCHELL in Com. v. McManus, 143 Pa. 85, 98. That learned judge, as a result of a thorough examination into the subject, gave it as his opinion that "The jury are not judges of the law in any case, civil or criminal. Neither at common law, nor under the constitution of Pennsylvania, is the determination of the law any part of their duty or their right. The notion is of modern growth, and arises undoubtedly from a perversion of the history and results of the celebrated contest over the right to return a general verdict, especially in cases of libel, which ended in Fox's Bill, 32 Geo. III, c. 60 ...... What they are to determine is, 'the law and the facts as in other cases,' that is, the law as given to them by the court, and the facts as shown by the evidence. They are bound to take the law from the court; but, so taking it, they have the right to apply it to the facts as they may find them to be proved, and to announce the result of the whole, by a general verdict of guilty or not guilty. Any other construction would be totally at variance with the fundamental principles of our system of jurisprudence and with our settled and uncontested practice. It has never been claimed that the jury are to determine what evidence is admissible, or what witnesses competent; yet, if they are judges of the law, they should decide these often most important law points in a case. So as to the sufficiency of the indictment ...... The language of the constitution is that the jury shall have the right to determine the law and the facts, under the direc-

tion of the court. This is the accurate formula, and it means that they have the right to determine the joint result of the law and the facts by a general verdict. This is the form which ought to be used when instruction on the subject is asked, and it ought to be accompanied by explicit instruction that the jury are not judges of the law, in all cases where there is any apparent danger that the jury will arrogate to themselves such function.''

In Com. v. Bednorciki, 264 Pa. 124, 107 A. 666, the Supreme Court speaking through Mr. Justice WALLING said: ''The trial judge stated in the charge, 'You are the judges of the facts, as I have tried to explain to you, and it is my duty to declare to you the law.' The latter clause is criticized, but unjustly so. It is the duty of a trial judge to declare the law to the jury in every criminal case, and particularly in a homicide case: Meyers v. Commonwealth, 83 Pa. 131; Commonwealth v. Smith, 221 Pa. 552. The best evidence the jurors have of the law is the instructions of the court. Of course they can render a general verdict of not guilty and to that extent are the ultimate judges of both the law and the facts; but that does not absolve the court from its duty of declaring the law to them nor absolve them from the duty of accepting it when so declared: Commonwealth v. McManus, 143 Pa. 64.''

In Com. v. Bryson, 276 Pa. 566, 120 A. 552, Chief Justice MOSCHZISKER, speaking for the court, said: ''It is the duty of the jury to take the law from the court, to the same extent in a criminal case as in any other, and a trial judge can properly so instruct; this point is now settled in Pennsylvania: Com. v. McManus, 143 Pa. 64, 85; Com. v. Bednorciki, 264 Pa. 124, 129.''

In Com. v. Castellana, 277 Pa. 117, 121 A. 50, the same eminent jurist, speaking for the court said: ''In Kane v. Com., 89 Pa. 522, this court reversed judg-

ment on a verdict of guilty in a criminal case, because the trial judge refused to charge that the jury 'were judges of the law and the facts.' We explained the Kane opinion in Com. v. McManus, 143 Pa. 64, 85, and, in the course of this explanation, said: 'A judge who instructs a jury, in a criminal case that they may disregard the law as laid down by the court, errs as widely as the judge who gives them a binding instruction upon the law; it is the duty of the jury to take the best evidence of the law, as it is to take the best evidence of the facts [they must "look to the court for the best evidence of the law, just as they look to the witnesses for the best evidence of the facts"]; when they refuse to do either, they disregard their duty and their oaths.' Mr. Justice MITCHELL, in a concurring opinion (pp. 95-6), referring to the Kane case explained that the right to find a general verdict and the rule that no man can twice be put in jeopardy for the same offense, are the forces which give the jury in a criminal case the power to override the law as laid down by the trial judge, but such power is subject to the duty of the jury to take its law from the court as in other cases. Interesting historical information on the point in hand will also be found in this concurring opinion. In Hilands v. Commonwealth, 111 Pa. 1, 5, Chief Justice MERCUR states that jurors in a capital case 'are not only judges of the facts . . . . . . but also of the law.' This remark, however, was neither necessary to the decision of the case, nor, much less, intended as the statement of a guiding rule for the instruction of future juries; the language quoted occurs in the course of collateral judicial reasoning, and we have treated it as dicta: see Com. v. Bednorciki, 264 Pa. 124, 129, and Com. v. Bryson, 276 Pa. 566. In the last-mentioned case, we say, 'It is the duty of the jury to take the law from the court to the same extent in a criminal case as in any other, and the trial judge can properly

so instruct; this point is now settled in Pennsylvania.'
Appellant argues, inter alia, that our ruling in Com.
v. McManus, 143 Pa. 64, to the effect that 'a judge
[errs] who instructs the jury ...... they may disre-
gard the law as laid down by the court,' convicts the
trial court in the present case of error; but to say
to a jury it 'may disregard' the law as laid down by
the court, is far different from telling them, as the
judge did in the present case, that they have the
'power to disregard' but the 'duty to apply the law
as the court instructs you.' We think, as stated in
the above-mentioned opinion of Mr. Justice MITCHELL,
it is better for the court to volunteer nothing to the
jurors about their being judges of the law, and, if an
appropriate request is made for instructions along
those lines, the constitutional language (Article I, Sec-
tion 7) had better be adhered to and the jurors told
simply that they have the 'right to determine the
law and the facts under the direction of the court,'
which means only that they have the right to deter-
mine, by a general verdict, the result of applying the
law, as stated by the court, to the facts as they find
them: Com. v. McManus, 143 Pa. 64, 96.''

The final conclusion, that the meaning of the con-
stitutional provision, that the jury have the "right
to determine the law and the facts under the direc-
tion of the court" is only, "that they have the right
*to determine by a general verdict, the result of apply-
ing the law, as stated by the court, to the facts as
they find them,"* is the gist of Mr. Justice MITCHELL's
concurring opinion in Com. v. McManus, supra, pp.
92, 96.

On the oral argument the assistant district attorney
suggested that the emphasis laid by the trial judge
on the duty of the jury to accept the law of the
case as declared by the court and apply it to the
facts as they found them from the evidence was due
to the appeal of defendant's attorney in his closing

speech to the jury, to decide the case upon their own interpretation of the law rather than accept it as declared by the court,—which if correctly stated, was an impropriety, due, no doubt, to overzealousness on behalf of his client, rather than intentional disrespect to the court. But irrespective of this, we are not convinced that as interpreted in the most recent decisions of the Supreme Court the charge was erroneous in this respect.

The other two matters raised by the statement of questions involved are relatively unimportant.

(3) If one in attempting corruptly to influence a juror makes use of an agent to extend the promises or other means of influencing the juror, the acts of the agent done in attempted fulfilment of his instructions, and his conversations with the jurors pursuant thereto, are admissible in evidence against the principal. If an agent is employed or used to deliver a verbal message or to make oral promises to a juror, his conversations pursuant to such employment constitute the act he was engaged to perform, and evidence may be given of it, as of any other act done by the agent on behalf of the principal, and is not excluded under the hearsay rule. See 3 Wigmore on Evidence (2d Ed.), Sec. 1767, p. 775; Sec. 1768 (2), p. 776; Sec. 1769, p. 777; Underhill's Criminal Evidence, Sec. 718, pp. 961, 962.

(4) A trial judge has a right to express to the jury his opinion as to the credibility of evidence provided he does not withdraw it from the jury but leaves the matter as one of fact for them to decide.

The assignments of error are all overruled. The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.