Commonwealth *v.* Healey, Jr., Appellant.

Argued April 27, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Lewis R. Long,* for appellant.

*Jacob A. Raub,* with him *Irving W. Coleman,* Assist-
ant District Attorneys, and *Henry K. VanSickle,* Dis-
trict Attorney, for appellee.

OPINION BY RHODES, J., July 23, 1942:

After indictment defendant was convicted in the court of quarter sessions of operating a motor vehicle upon the highways of the Commonwealth after his operating privilege had been suspended and before it had been reinstated. Act of May 1, 1929, P. L. 905, §620, as last amended by the Act of June 27, 1939, P. L. 1135, §11, 75 PS §231.[1] His motions in arrest of judgment and for a new trial were refused by the court below. Sentence having been imposed, defendant has appealed.

On March 27, 1941, the operator's license of the defendant was indefinitely suspended by order of the Secretary of Revenue, and he received notice of the suspension on March 29, 1941. From the order of suspension, defendant, on April 24, 1941, appealed to the court of common pleas. A hearing de novo was held on June 4, 1941, and on June 9, 1941, that court determined that defendant's license should be suspended. Defendant was arrested on May 26, 1941, for operating his automobile on a public highway after his operating privilege had been suspended and before it had been reinstated. He was indicted for this offense on September 15, 1941, and later was found guilty by a jury.

Section 616 of the Vehicle Code, Act of May 1, 1929, P. L. 905, as last amended by the Act of June 27, 1939, P. L. 1135, §10, 75 PS §193, provides: "Any person, whose operator's license or learner's permit has been

---

[1] "It shall be unlawful for any person to commit any of the following acts: ......

"(h) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated. ......

"Any person violating any of the provisions of subsections ...... (h) ...... of this section shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced ......"

suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act."

Defendant's position is that the appeal to the court of common pleas automatically stayed the suspension by the Secretary of Revenue without special allowance of a supersedeas, and that consequently he had the privilege of operating his automobile on the highways of the Commonwealth pending the disposition of his appeal. We quote from defendant's brief: "The appeal was perfected within thirty days, which automatically continued the license in force until the issue was decided." His position is untenable.

Section 615(b) of the Vehicle Code, as amended, 75 PS §192(b), provides in part: "The secretary may suspend the operator's license . . . . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . . . .

"5. That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle."

Section 615(g), as amended, 75 PS §192(g), provides: "The secretary, upon suspending any operator's license . . . . . . shall require that such licenses of any operator, whose license . . . . . . is so suspended, shall be

surrendered immediately to and retained by the [Department of Revenue]."

Prior to the suspension of his license to operate a motor vehicle defendant was given a hearing. His operating privilege was then indefinitely suspended by order of the secretary for the reason that he was found to be an incompetent driver. Notice of the suspension was given to him, and he surrendered his operator's license. Thereafter, pending the disposition of his appeal to the court of common pleas, he operated his automobile, and the present prosecution followed.

Section 616 of the Vehicle Code, as amended, 75 PS §193, allows an appeal to the court of common pleas (*Com. v. Cronin,* 336 Pa. 469, 473, 9 A. 2d 408), but the Code makes no provision for such appeal to operate as a supersedeas of the suspension of an operator's license. Section 615, as amended, 75 PS §192, confers the power to suspend an operator's license on the Secretary of Revenue. *Com. v. Funk,* 323 Pa. 390, 398, 186 A. 65. An appeal from a suspension order does not operate as a supersedeas by its own inherent force; it is not itself a writ of supersedeas, and it is not one by implication. Supersedeas or stay of proceedings is generally the subject of statutory provision, and consequently an appeal does not in the absence of a statute operate as a stay without an express order of the court to that effect. 24 C. J. S., Criminal Law, §1716(a), p. 415; 17 C. J. p. 107. The result to which defendant's theory leads is clear. It would permit an operator whose license had been suspended under the provisions of the act to continue the operation of his motor vehicle for thirty days after the suspension no matter how flagrant the operator's conduct had been which brought about the suspension, and if there was an appeal such operation could be continued until the court of common pleas finally acted. Such a result would be both unreasonable and contrary to public safety. See grounds for suspension in section 615(b) of the Vehicle Code, as

amended, 75 PS §192(b). Section 616, 75 PS §193, provides for an appeal only after the operator's license *has been suspended*, whereupon, the court, after hearing de novo, determines whether the *petitioner is subject to suspension* of his license. If the court finds that he is not, the suspension is set aside and his operating privilege is ordered reinstated. The record remains in the Department of Revenue, and the suspension order is not affected by the appeal. The Code does not declare that such appeal shall operate as a supersedeas, and in the absence of such provision an appeal does not operate as a stay without an express order by the court of common pleas to that effect.

In *Com. v. Funk*, supra, and *Com. v. Cronin*, supra, both suspension cases, the court of common pleas, on the petition for a hearing before it, granted a supersedeas of the suspension order. In the case before us no supersedeas was allowed by the court below, and defendant was fully aware that a supersedeas had not been granted by that court on his petition for hearing.

We will say, however, that the Act of May 19, 1897, P. L. 67, §15, as amended, 12 PS §1152, cited by the Commonwealth, is not applicable, as the title plainly indicates that it refers to appeals to the Supreme and Superior Courts.

Defendant contends that there was error in the refusal of the trial judge to permit defendant to testify to alleged extenuating circumstances under which he operated his motor vehicle at the time of his arrest. It is argued that this was a proper matter for the jury to pass upon in determining his guilt or innocence under the statute. Defendant admitted that he operated his automobile after his operating privilege had been suspended and before it was reinstated. By his own admission defendant did that which the statute declares to be unlawful and a misdemeanor. The offered testimony was not relevant for a determination of a violation under section 620. *Com. v. Baker*, 39 D. & C. 294,

a suspension case, relied on by defendant, has no application here. There the defendant appealed to the court of common pleas from a suspension of his operating privilege by the Secretary of Revenue under section 615 of the Vehicle Code, as amended, 75 PS §192.

Defendant now complains of a portion of the charge of the court. The comments of the trial judge upon the credibility of the witnesses for the Commonwealth were not error, especially as the jury was plainly told that the credibility of the witnesses was for them. It is permissible for a judge in his charge to the jury to express his opinion as to the credibility of evidence provided he does not encroach upon the province of the jury. *Com. v. Kelly,* 134 Pa. Superior Ct. 241, 246, 4 A. 2d 209; *Com. v. Fahey,* 113 Pa. Superior Ct. 598, 608, 173 A. 854. Further, the instructions under attack could not possibly harm defendant as he admitted the relevant and material facts established by the Commonwealth's testimony.

It is also urged upon us that the trial judge fell into error when he denied the following point for charge as submitted by defendant: "The jury are the judges of the law and fact." The matter has been passed upon by us in *Com. v. Fahey,* supra, pp. 603-607, in a very comprehensive opinion by Judge (now President Judge) KELLER. Reference to that opinion is sufficient to show conclusively that defendant's position is without merit.

Only a general exception was taken to the charge of the court. But it contains no reversible error; it was eminently fair, and it fully safeguarded the rights of defendant.

There are other subsidiary questions briefly referred to by defendant, but we do not regard them of sufficient importance to require special notice. They are not comprehended in the statement of questions involved; and will not be considered. However, they have been adequately answered in the learned opinion of the court below.

All the assignments of error are overruled.

Judgment is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in this case was made a supersedeas.