## Commonwealth v. Matecko

*A. A. Brown*, for Commonwealth.
*Samuel J. Feigus*, for defendant.

MORROW, J., March 24, 1950.—Defendant was indicted for operating, on August 28, 1949, a motor vehicle upon the highways of this Commonwealth "after his operating privilege had been suspended or revoked

and before such operating privilege had been reinstated". The charge is based on the Act of June 29, 1937, P. L. 2329, 75 PS §231, providing in part:

"It shall be unlawful for any person . . . (h) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated."

This provision of the law is an amendment of earlier legislation. Section 620 of The Vehicle Code of May 1, 1929, P. L. 905 (942), provided that it was unlawful "(h) To operate any motor vehicle upon the highways of this Commonwealth, after *operator's license or learner's permit* is suspended or revoked." This provision in the Act of 1929 was first amended by the Act of June 22, 1931, P. L. 751 (770), to read that it was unlawful "(h) To operate any motor vehicle upon the highways of this Commonwealth after *operating privilege* is suspended or revoked." Next came the amendment of 1937 quoted above, adding "and before such operating privilege has been reinstated".

The evidence at the trial was to the effect that defendant had an operator's license in 1945 and prior thereto, but had no operator's license in 1946 and after, and that on May 18, 1948, he was given official notification of withdrawal and revocation of motor vehicle privileges, because of his operation of a motor vehicle while under the influence of intoxicating liquor. He plead guilty to that charge on February 24, 1948, at March sessions, 1948, no. 87, of this court.

At the trial the argument was advanced that since he did not have an operator's license in 1948, when his operating privilege was withdrawn and revoked for the term of one year, he was guilty only of the lesser offense of driving without a license on August 28, 1949, at which time it is admitted he operated a motor ve-

hicle on a public highway. It was also admitted that his operating privilege was never reinstated after May 18, 1948.

Defendant's demurrer to the evidence was not sustained and at the conclusion of the testimony in defense a motion for binding instructions to the jury to find defendant not guilty was refused. Defendant was convicted of the charge against him in the indictment. A motion for a new trial and a motion in arrest of judgment were filed. These motions are now before us for disposition.

In support of the motion in arrest of judgment counsel for defendant contends to the effect that one who has had the privilege of driving revoked for cause at a time when he did not hold an operator's license, and who has either been unable or has neglected to obtain a reinstatement of the privilege, is in no different class of delinquents, if he chooses to drive without a license, from a person who has never had his license revoked. This contention is answered in Commonwealth v. Gernert, 33 D. & C. 620, where it is held:

"At least since the amendment of June 29, 1937, P. L. 2329, to section 620($h$) of The Vehicle Code of 1929, where a motor vehicle operator whose license has been suspended for a period of one year operates a motor vehicle after expiration of the period of suspension, but without obtaining a new license, he is guilty of a violation of that section prohibiting the driving of a motor vehicle after suspension or revocation of an operator's license, and not merely of section 601 of the code, as amended, making it unlawful to operate a motor vehicle without a license."

In Commonwealth v. Buleski, 39 D. & C. 496, the court stated:

"With reference to the motion in arrest of judgment, the defense seems to rely on the theory that, because

the offense charged took place after the suspension period had expired, the indictment was not warranted. The offense charged is a direct violation of section 620(h) of The Vehicle Code of May 1, 1929, P. L. 905, and is charged in language which could not possibly be mistaken. Defendant seems to think that the language of the indictment was vague because it used both the words 'suspended' and 'revoked', but this could in no way mislead defendant because he knew that his license had been suspended and had no hesitation in admitting it. The mere fact that the period of suspension had expired does not change the situation caused by his violation of the code by driving a motor vehicle after such a suspension, before the operating privilege has been reinstated. Hence, the motion in arrest of judgment is without merit."

See also Commonwealth v. Sherman, 47 D. & C. 507, and Commonwealth v. Healey, Jr., 149 Pa. Superior Ct. 497.

As we view the matter it was defendant's duty to secure a reinstatement of his operating privilege before again driving a motor vehicle on a public highway. Whether there was any reason he could not do so is a question not before us. It may be observed, however, that one member of this court (Carr, P. J.) properly imposed a fine on defendant in sentencing him on his pleas of guilty above mentioned and that this fine was never paid. Section 615 of The Vehicle Code, 75 PS §192, states as one of the reasons for which the operator's license of any person may be suspended the following: "That such person has failed to pay a fine, properly imposed by any court of this Commonwealth or of any state."

It is our conclusion that the motion for a new trial and the motion in arrest of judgment must both be dismissed.

*Order*

And now, March 24, 1950, after consideration, the motion for a new trial and the motion in arrest of judgment are refused.