## Hall License

*Duffy, McTighe & McElhone,* for appellant.

*P. Wisler,* for Commonwealth.

DANNEHOWER, J., November 27, 1953.—The present proceedings come before the court upon the petition of the Secretary of Revenue upon which a rule was granted to show cause why the appeal of Earl Wayne Hall from an order suspending his operating privileges for a period of 30 days for reckless driving should not be dismissed.

To the rule, appellant filed an answer denying that the appeal is moot and averring that the record of the Secretary of Revenue showing a 30-day suspension will prejudice appellant in the future.

A brief statement of the admitted facts reveals that on August 5, 1952, appellant, while driving a motor vehicle, was involved in an accident in Montgomery County, Pa. As a result of said accident, a hearing was held on June 14, 1953, before a representative of the Department of Revenue. On July 1, 1953, appellant was notified that his operating privileges were suspended for a period of one month and appellant was instructed to return his operator's card, which appellant forwarded to Harrisburg. On July 17, 1953, appellant filed an appeal from the order of the secretary suspending his operator's license; but he did not ask that the appeal act as a supersedeas, nor did he ask the Secretary of Revenue to restore his operating privileges pending the outcome of the appeal. On August 10, 1953, before the date set for the hearing on the appeal, appellant's period of suspension terminated and his operating privileges were restored to him. On September 17, 1953, the Commonwealth filed its petition for a rule to show cause why the appeal should not be dismissed.

The Commonwealth contends that appellant's compliance with the order of the Secretary of Revenue, in that he returned his operator's card to the secretary, and voluntarily neglected to ask that the appeal act as a supersedeas constitutes a waiver of his right

to appeal, or an election so that he is estopped from pursuing his appeal. Furthermore, that by reason of appellant's acquiescence, the period of suspension has ended and the operating privileges of appellant restored, so that the appeal has been rendered moot.

Section 616 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §193, provides as follows:

"Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; . . . Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner *is subject to suspension* of operator's license or learner's permit . . .". (Italics supplied.)

Therefore it is the province of the court after hearing the evidence on the appeal "to determine whether petitioner *is subject to suspension* of operator's license".

It, therefore, seems clear that under the statute, since appellant has already complied with the 30-day suspension, the court cannot "determine whether petitioner is subject to suspension of operator's license", for such decision would be moot and academic. We cannot order the Secretary of Revenue to erase such record of suspension or grant him a pardon, for the court is required to determine whether his license is subject to suspension.

"An appeal from a suspension order does not operate as a supersedeas by its own inherent force; it is not

itself a writ of supersedeas, and it is not one by implication. Supersedeas or stay of proceedings is generally the subject of statutory provision, and consequently an appeal does not, in the absence of a statute, operate as a stay without an express order of the court to that effect": Commonwealth v. Healey, Jr., 149 Pa. Superior Ct. 497, 501 (1942).

The Vehicle Code does not declare that such appeal shall operate as a supersedeas, and in the absence of such provision, an appeal does not operate as a stay without an express order by the court of common pleas to that effect. Consequently, the failure of appellant to ask for a supersedeas resulted in a continuance of the suspension, and ultimately a complete compliance with the order of the secretary, so that at present the suspension no longer exists and appellant's operating privileges are restored.

It is true that the court's refusal to entertain the petition of appellant will result in some hardship in that his record as a motorist will be marred by the secretary's finding of reckless driving. Unfortunately, as noted above, appeals under Section 616 of The Vehicle Code, as amended, supra, are limited to the question of whether or not an individual is to be deprived of his operating privileges. The act presupposes an existing suspension of operating privileges at the time the court renders its order. Appellant would have the court ignore this limitation and determine whether he *was rightfully deprived* of his operating privileges. This the court cannot do.

It is well settled in Pennsylvania that courts are precluded from adjudicating questions that have become moot as where there is voluntarily a complete compliance with the order of the court: Commonwealth v. Kramer, 162 Pa. Superior Ct. 448 (1948); Reese v. Adamson et al., 276 Pa. 253 (1923). The court by reason of The Vehicle Code, supra, and appellant's

acquiescence to the order of the secretary is constrained from entertaining the present appeal.

And now, November 27, 1953, for the foregoing reasons, the appeal is dismissed.