## Commonwealth *v.* New, Appellant.

Submitted October 23, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Zeno Fritz* and *Frank J. Scott,* for appellant.

*Stephens Mayer,* District Attorney, and *Fred J. Fees,* First Assistant District Attorney, for appellee.

Opinion by Parker, J., November 22, 1940:

William New, the appellant, was convicted and sentenced for a violation of §524 of the Penal Code of 1939 (18 PS §4524), making one guilty of a misdemeanor who "sells, lends, distributes, ...... offers to sell, lend, distribute, ...... or has in his possession with intent to sell, lend, distribute ...... any obscene, lewd, lascivious, filthy, indecent or disgusting book, magazine, pamphlet, newspaper, ...... or any written or printed matter of an indecent character." The Commonwealth showed by uncontradicted evidence that de-

fendant sold and distributed in the city of Johnstown a magazine called the "Tipster", copies of which were offered in evidence. The defendant demurred to the evidence and the trial judge denied the demurrer. The defendant offered no evidence and the issue was submitted to the jury. Appellant raises no question as to the sufficiency of the evidence to sustain a finding that he sold or distributed copies of the Tipster as charged by the Commonwealth, but he contended in the court below and now persists in the contention that the papers were not in fact obscene, filthy or indecent. He further complains here that the trial judge erred in sustaining an objection to a question asked on cross examination by counsel for defendant and that the judge did not fairly and impartially present the issue to the jury.

The test for obscenity most frequently laid down seems to be whether the writing would tend to deprave the morals of those into whose hands the publication might fall by suggesting lewd thoughts and exciting sensual desires: *Dunlop v. United States,* 165 U. S. 486, 501, 17 S. Ct. 375; *Rosen v. United States,* 161 U. S. 29, 16 S. Ct. 434, 439; *United States v. Dennett,* 39 Fed. 2d 564, 568.

It is now our duty to determine whether there was sufficient evidence to sustain the finding of the jury and this requires us to determine whether the matter contained in the copies of the Tipster offered in evidence, was obscene, filthy or indecent. It seems clear to us that it was. The exact point at which language becomes obscene or filthy cannot be determined by any standard test, but it is rather a matter of opinion to be ascertained by the use of ordinary common sense and reason, taking into account the circumstances in which the matter is employed. The question presented here is not complicated as in those situations where the language is employed in a discussion of a scientific subject or where it is a mere incident to a work of art. The young girl who called the police when the defendant's agents

were offering the Tipster for sale evidently thought the matter was obscene and a jury of twelve and the court below came to the same conclusion. After applying the required tests all the members of this court are of the same opinion. We do not believe any useful purpose would be served by spreading upon the record the objectionable matter and analyzing it, and particularly in view of the tenor of appellant's argument.

While evidently there was some effort made to persuade the jury that one of the passages complained of could be innocently construed, we agree with the conclusion of the court below that there was no room for argument as to the meaning of the language and the jury was of the same opinion. In fact, we fail to find any serious contention in appellant's brief that there were not obscene and filthy passages in the Tipster. His argument is mainly based on the contention that the copies of the magazine offered in evidence were to be considered as a whole and that, so viewed, they were not obscene or filthy, relying on the principles announced in *United States v. Levine,* 83 Fed. 2d 156; *United States v. One Book Entitled Ulysses,* 72 Fed. 2d 705; *United States v. Dennett,* supra. We have no fault to find with the statement that in determining whether a work is obscene, it must be construed as a whole and that regard shall be had for its place in the arts. Even if we apply those tests, we have not a difficult problem and the answer is plain. The filthy items bore no relation to the other articles in the magazine and were interspersed without reference to any other theme or subject. One examining the exhibit with an open mind could come to no other conclusion than that the items were inserted because of their obscene and filthy nature. We believe they were intended to create an effect which the statute sought to prevent and their publication was prompted by a desire to promote circulation through appealing to those of depraved tastes or to the curiosity of adolescents. An examination of

the exhibits in their entirety in the light of the principles announced in the cases relied upon by appellant fails to justify the publication of the obscene items. In fact, those very principles convict the defendant.

The ruling on the admission of evidence of which complaint is made arose on cross examination of the Commonwealth's first witness who had testified that New told him he was "at the head" of the group selling the magazine in Johnstown. Counsel for defendant in his cross examination asked the witness this question: "And did he [New] tell you they had been selling the magazines throughout the United States?" The court sustained an objection to the question and properly so. It was immaterial whether the magazine was sold in other jurisdictions than Cambria County and an answer to the inquiry bore no relation to and threw no further light upon the subject matter as to which the witness had testified in chief. In any event, the exclusion of this evidence could not possibly have done any harm to defendant.

The appellant's criticism of the charge to the jury is two-fold. He first complains that the jury was not given sufficient advice as to what writings offend the prohibition of the statute against obscenity. We have no reason to believe that the members of the jury were not able to recognize an obscene writing or that they required any enlightenment on the subject. If counsel wished the trial judge to give more specific definitions he should have made a request for the same at the conclusion of the charge when he was given an opportunity so to do. If counsel had in mind that the attention of the jury should be called to the general nature of the works and that such an examination could possibly be to the advantage of the defendant, there was no ground for complaint, as we have heretofore pointed out. The general scope and character of the magazine furnished no basis for the inclusion of the salacious matter.

The second complaint is that the trial judge usurped the function of the jury by advising them as to his own views as to the character of the items in question. This objection is without merit and is based on a misconception of the law and of what the trial judge in fact said. The magazines were in evidence and there was no dispute as to their contents. The appellant admits that his counsel "frankly stated to you [the jury] that the sole question here is whether or not these writings are obscene." The trial judge, after calling this admission to the attention of the jury, added that the words of the indictment were "obscene, filthy, indecent and disgusting." The learned judge, after stating his view as to the character of the writings said: "We are not advising you to bring that verdict in. We are not directing you to bring such a verdict in." And again he said: "But let it be understood we are not directing you how you shall find. You use your common-sense and prudence and your knowledge of the affairs of the world and the English language in coming to a conclusion in this matter."

It is not necessary to discuss the meaning of §7 of Article I of our Constitution, and the province of the jury in criminal cases as to questions of law and fact, as that has been thoroughly examined by us in *Com. v. Long,* 100 Pa. Superior Ct. 150, and *Com. v. Fahey,* 113 Pa. Superior Ct. 598, 173 A. 854. We adhere to the conclusion reached in the Fahey case where we followed the statement of Justice (later Chief Justice) MITCHELL in his concurring opinion in *Com. v. McManus,* 143 Pa. 64, 96, 21 A. 1018, 22 A. 761 to the effect that the language of the Constitution declaring that the jury shall have the right to determine the law and the facts under the direction of the court means that they have the right to determine by a general verdict the result of applying the law, as stated by the court, to the facts as they find them.

In this case the trial judge did not even approach

what was formerly regarded as debatable ground, for his charge was more favorable to the defendant than the law required. It was not only the right but the duty of the judge to give the jury the instructions which he did.

The assignments of error are overruled, the judgment is affirmed; and it is ordered that the record be remitted to the court below and that the defendant appear in the court below at such time as he may be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time his appeal was made a supersedeas.