## Commonwealth v. Brown

*Alexander Ogle*, for Commonwealth.

*A. M. Matthews*, for defendants.

COFFROTH, P. J., February 23, 1970.—This matter is before the court on defendants' motion for an order directing the prosecutor, Joseph A. Kearney, State policeman, to return the books, tapes, and other materials which were seized as evidence in connection with the above-entitled prosecution.

The district attorney filed an answer to the motion, opposing return of the materials on the following grounds:

1. The material is hard-core pornography.

2. There is no evidence that defendants own the material.

3. The material should be delivered to the United States Marshal to be used as evidence against James Lee Brown, one of the defendants, in a prosecution filed and now pending against him in the United States District Court for the Western District of Pennsylvania, for knowingly transporting these materials, allegedly obscene, in interstate commerce. A copy of the Federal complaint is filed as a supplement to the district attorney's answer to the motion.

Defendants were arrested on September 8, 1969, and were charged with having the materials in their possession with intent to sell, lend, distribute, give away and/or to show obscene literature, books, films, etc., which were seized as evidence in connection with said charge.

Counsel for defendants filed a motion to quash the indictment filed in this court against defendants on the ground that possession alone of obscene material is not a criminal offense in Pennsylvania, and that the indictment did not set forth sufficient facts to support a conviction under Pennsylvania law. On December 9, 1969, the indictment was quashed by the court, by

the Hon. Thomas F. Lansberry, then President Judge.

The present motion for return of the materials came on for argument on January 19, 1970, and now requires disposition.

Defendants' claim for return of the materials is based simply on the fact that there is no pending prosecution against them in this county, since the indictment was quashed, and that the Commonwealth should, therefore, return the materials to the possession of defendants from which they were taken.

The first objection of the district attorney to the return of the materials, that they are hard-core pornography, implies that they should not be returned to anyone and that they should be destroyed as contraband; and that is the position taken by the district attorney at the argument. His second objection that defendants have not established their ownership of the materials implies that only the true owner may seek their return, and that the materials should be held for the true owner if and when he appears. The third objection of the Commonwealth requests that the materials be preserved and turned over to Federal authorities for use as evidence in the Federal prosecution. Since we have concluded that the third objection should be sustained, it is unnecessary to pass upon the first two.

We begin with the proposition that the materials were lawfully seized as evidence in a criminal proceeding; there is no indication of any unreasonable search or seizure, nor of any violation of defendants' rights, whether under the first amendment, free speech and press, of the United States Constitution, the fourth amendment, unreasonable search and seizure, or the fifth amendment, deprivation of property without due process. Nor have defendants or their counsel asserted any such illegality; they simply want the materials returned because the criminal charge

against them here is at an end, and contend that the seizure in Somerset County cannot inure to the benefit of any other jurisdiction.

Of course, when property is lawfully obtained for evidentiary purposes it is in the custody of the law, in custodia legis, for use as evidence against defendants. The real question here is whether, after the property is no longer needed in the jurisdiction of seizure, it may be used for evidentiary purposes on a charge other than the one for which the seizure was made and in another jurisdiction. We answer this question in the affirmative.

The Supreme Court of the United States has held that property lawfully seized for evidentiary purposes may be used in the prosecution of defendant for an offense other than that for which the material was seized; it may be used to prove any crime as to which it may be relevant evidence: Gouled v. United States, 255 U. S. 298, 65 L. ed. 647 (1921). This being so, the only remaining question is whether the material may be used in evidence to prove an offense by defendants, or one of them, in another jurisdiction. Counsel have cited us no statute or decision for guidance on this point, nor does our own research disclose any. The cases cited by counsel for defendants (Commonwealth v. New, 142 Pa. Superior Ct. 358, 362; Commonwealth v. Tedesco, 22 D. & C. 2d 338) relate only to the substantive offense with which defendants were charged in this county, and do not reach the question before us now.

The general rule is that where property has been lawfully seized for evidentiary purposes, it need not be returned as long as its retention is necessary to serve the purposes of justice: 79 C.J.S. Search and Seizure, §93, p. 913. In our judgment, justice requires that the materials be made available for evidentiary purposes in the Federal case.

The Federal prosecution arises out of the same events in Somerset County which gave rise to the prosecution in this county, the possession and transportation of the materials. Somerset County lies within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania in which the Federal prosecution is now pending. The offense under Pennsylvania law is possession with intent to sell, lend, distribute, give away and/or to show the allegedly obscene materials in this county; since these facts were not properly alleged and could not apparently be proven, the indictment here was quashed. But the federal charge is transportation in interstate commerce of allegedly obscene materials. Since these materials were lawfully seized and are held as evidence, justice requires that they be made available to the Federal authorities in connection with the Federal charge.

Were this court to release the materials to defendants (who, incidentally, have not proved their right to them), we would simply be giving defendants an opportunity to secrete them from the Federal authorities, and placing the burden upon the Federal authorities to find them again and to re-seize them, a ludicrous game of hide and seek, scarcely in the interest of justice and certainly not in the interest of law enforcement. Once evidentiary materials are lawfully acquired, the authorities should be permitted to retain them in the custody of the law so long as needed for evidentiary purposes, on any charge in any jurisdiction. It may be that Somerset County is under no compulsion to release the materials to any other jurisdiction, but a wise comity between sovereignties should be permitted to operate in the interest of justice and law enforcement.

We have already pointed out that defendants made no claim of unlawful seizure of the materials. Nor

have they shown how their rights will be prejudiced by a release of the materials to the Federal authorities. The materials are not perishable and will not spoil; defendants will have every opportunity in the Federal court to obtain protective orders against misuse of the materials; they will have every opportunity to obtain a return of the property at the appropriate time if they are entitled to it.

This court is as concerned as is any other for the constitutional rights of the individual when properly asserted; but defendants have not claimed or raised the violation of any such rights. Under these circumstances, and on the state of the record, we see no reason for this court to interfere with the announced purpose of the Commonwealth to deliver the materials to the Federal authorities in the interest of law enforcement. Accordingly, we enter the following:

## ORDER

Now this February 23, 1970, the motion for return of the evidentiary materials is refused, and the materials are ordered released to the Federal authorities consistent with this opinion.