## Pae License

*Louis F. Floge, Jr.,* for appellant.

*Maurice Levin,* Assistant Attorney General, for Commonwealth.

MOUNTENAY, J., June 28, 1972.—This is an appeal filed pursuant to the provisions of section 620 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §620, from the order of the Secretary of Transportation suspending appellant's operating privileges. Since none of the facts is in dispute, the factual background will be summarized in narrative form.

Appellant was charged on December 1, 1970, under the provisions of section 1002(b)(4) of The Vehicle Code, 75 PS §1002(b)(4), with traveling at the speed of 65 miles per hour in a 40 mile per hour zone. In due course, appellant paid fine and costs without requesting a hearing before a magistrate. On August 12, 1971, the Secretary of Transportation notified appellant that his operating privileges had been suspended for a period of 30 days, effective August 20, 1971, this action being pursuant to the mandatory suspension provisions of section 619.1(b), 75 PS §619.1(b).

On August 20, 1971, appellant filed a petition for appeal which included a request for a supersedeas. However, apparently because appellant's counsel had erroneously lodged the petition with the clerk of courts, Criminal Division, instead of with the prothonotary, the order allowing the appeal and granting the supersedeas was not actually entered until September 3, 1971. Accordingly, appellant, while not actually surrendering his operator's license, did not, on the advice of counsel, actually exercise his operating privileges for a period of approximately two weeks immediately preceding the allowance of the appeal and the supersedeas.

The matter was set down for hearing on December 6, 1971, this being approximately six weeks subsequent to the date of the decision in Reese v. Kassab, 334 F. Supp. 744 (1971). Appellant's counsel advised the court at the time of the hearing that he chose to rely solely on the ruling in Reese v. Kassab as the basis for his appeal. Both parties agreed, therefore, that the hearing should be continued until the assistant attorney general had had an opportunity to determine the attitude of the Department of Transportation with respect to the Reese decision and until the text of that opinion became available. Accordingly, the hearing was continued and then relisted for May 22, 1972, at which time argument was presented but no evidence introduced.

The petition for appeal averred, inter alia, that appellant's conduct at the time of the alleged underlying offense did not actually constitute a violation of section 1002(b)(4). However, appellant did not call any witnesses, and aside from counsel's statement to the effect that he had advised appellant not to drive pending the allowance of the appeal and supersedeas, appellant offered no evidence whatever. The Common-

wealth's evidence consisted only of certified copies of the records of the Department of Transportation which were introduced with respect to the suspension order and the basis therefor.

Appellant argues, of course, that he was denied the procedural due process to which he was entitled under Bell v. Burson, 402 U.S. 535, 29 L. Ed. 2d 90 (1971), as interpreted by Reese v. Kassab, supra. Bell v. Burson held that one's right to operate a vehicle, whether or not characterized as a "privilege," is such that he cannot be deprived of it without that procedural due process required by the fourteenth amendment. Bell further held that to comply with the requirements of due process, the State, before the suspension of privileges becomes effective, must give notice and an opportunity for a hearing appropriate to the nature of the case.

The above principles were applied specifically to section 619.1 of our Vehicle Code by the Federal District Court for the Western District of Pennsylvania in Reese v. Kassab. In that case, the licensee's operating privileges were suspended on the basis of point accumulations without a prior departmental hearing. The licensee filed an appeal in the Court of Common Pleas setting forth in his appeal petition that: (1) he was not guilty of the violations for which the points had been assessed, and (2) in connection with one of the underlying violations, there had been a fatal variance between the information and the conviction. The Court of Common Pleas quashed the appeal on the basis of Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968), holding that the only matter which might be raised on appeal was impropriety in the calculation of points, as distinguished from facts and procedures involving the underlying convictions. After having exhausted his State court

remedies, the licensee sued in the Federal District Court to enjoin the suspension of his privileges.

The Federal District Court held in Reese v. Kassab that one of the matters which the licensee should have been permitted to contest was whether there had been a variance between the information on which the fine and costs were paid and the conviction actually entered. The court further held that the licensee's inability to secure a hearing on this question prior to the actual termination of his privileges constituted a deprivation of procedural due process. Had the Court of Common Pleas allowed an appeal superseding the suspension order, and had it actually heard the licensee on the question of the variance, the infirmity, if any, would probably have been cured. However, by reason of the lower court's refusal even to allow the appeal, the suspension order went into effect without any opportunity for prior hearing.

What effect, then, has Reese v. Kassab had on our State court decision? It should be noted that even subsequent to the decision in Reese v. Kassab, the State courts have held that the *availability* of a hearing pursuant to section 620 affords procedural due process, assuming, of course, that the scope of the hearing passes constitutional muster.[1] See Department of

---

[1] The scope of hearing is one of the distinguishing characteristics between Farr Automobile License Case, 55 D. & C. 2d 126 (1972), and Lechner Appeal, 56 D. & C. 2d 606 (1972). In Farr, a suspension case, appellant received a hearing pursuant to section 620 at which hearing appellant had an opportunity to raise all relevant issues. On the other hand, Lechner involved a situation where appellant's operating privileges had been revoked pursuant to the provisions of section 616(a)(4) of The Vehicle Code, 75 PS §616(a)(4), calling for the mandatory revocation of the privileges of any person found guilty of the unlawful possession or sale of narcotics. Because of the mandatory nature of section 616(a)(4), appellant did not have an

Transportation v. Hosek, Jr. 3 Com. Ct. 580 (1971); Farr Automobile License Case, 21 Bucks Co. L. Rep. 433 (1971); Taylor v. Secretary of Transportation, 20 Ches. Co. Rep. 114 (1972). Semble: Department of Transportation v. Pendal, 4 Com. Ct. 71 (1971); Commonwealth v. Grindlinger, 86 York Leg. Rec. 13 (1972). Can these cases be reconciled with Reese v. Kassab in view of the fact that section 620 comes into play only after suspension?[2] We think that they are reconcilable. It must be borne in mind that under the particular circumstances of Reese v. Kassab, the Court of Common Pleas had quashed the licensee's appeal and that he had not, in fact, been afforded a hearing prior to actually being deprived of his operating privileges. However, although a supersedeas is not a matter of right (Commonwealth v. Healey, Jr., 149 Pa. Superior Ct. 497 (1942) ), we know from common experience that the allowance of an appeal in a license suspension case

---

opportunity at his section 620 hearing to challenge the relationship between the underlying offense and the revocation of privileges. Therefore, the scope of the hearing was not sufficiently broad to meet the requirements of Bell v. Burson, supra. Another distinguishing factor is that since Lechner involved a revocation rather than a suspension, the hearing provision of section 618(h), applicable only to suspensions, was not available to him.

[2] At pages 746, 747, the court in Reese v. Kassab said:

"Similarly, judicial review under Section 620 of the code is provided only after suspension.

"We find that this falls short of what the Constitution requires. As was said in the *Bell* case: '. . . it is fundamental that except in emergency situations (and this is not one) due process reqҙires that when a State seeks to terminate an interest such as that here involved, it must afford "notice and opportunity for hearing appropriate to the nature of the case" *before* the termination becomes effective.' 402 U.S., at 542, 91 S. Ct. at 1591.

"Here the state furnished neither notice nor opportunity for Reese to be heard either at an administrative hearing or de novo before a court before the termination."

is almost invariably accompanied by an order of supersedeas if such is requested. This, of course, postpones the effect of the suspension until after hearing and thus affords an opportunity for hearing prior to the actual suspension.

In the instant case, the appeal petition requested a supersedeas, and a supersedeas was, in fact, granted. Admittedly, there was undue delay in the allowance of the appeal and the supersedeas. However, this delay was caused not by any shortcoming in the statute or in the system, but rather by the confusion resulting from appellant's filing his appeal in the wrong office. We believe, therefore, that under the facts of this particular case, the provisions of section 620 afforded appellant an adequate opportunity for hearing prior to the actual termination of his operating privileges. Moreover, we believe it is significant that when appellant did receive a hearing, he offered no evidence and instead declined to avail himself of the hearing for any purpose other than to complain that he had not received a hearing previously. Under these circumstances, we are unable to conclude that appellant was denied procedural due process.

We note, incidentally, that the Commonwealth argues that appellant is also afforded due process by reason of section 618(h) of The Vehicle Code, 75 PS §618(h), which provides for an administrative hearing upon request in any case where an operator's license is suspended. See Department of Transportation v. Pendal, supra, at page 75; Commonwealth v. Massey, 3 Com. Ct. 304, 306 (1971); Farr Automobile License Case, supra, at page 436; Commonwealth v. Grindlinger, supra, at page 16. In view of our decision that the requirements of due process were met by appellant's utilization of section 620, it is not necessary that we reach the question of the adequacy of the pro-

cedures provided by section 618(h). We do note, however, that the eight-day notice which appellant received would hardly have been adequate to allow for a departmental hearing *prior* to the effective date of the suspension order and that an appeal pursuant to section 618(h) would not have delayed the effective date of the suspension.

## ORDER

And now, June 28, 1972, the within appeal is denied, and the order of the Secretary of Transportation suspending appellant's operating privileges is affirmed.